[Civ. No. 2153. Fourth Appellate District.—March 31, 1938.]

J. L. DONOVAN, Respondent, v. X. H. HOLLAR et al., Defendants; RUTH SUSAN HOLLAR, Appellant.

Harry H. Parsons and Frank M. Chichester for Appellant.

H. A. I. Wolch for Respondent.

BARNARD, P. J.—This is an action in equity to establish a trust on the ground of fraud. The plaintiff claims as a beneficiary under a common-law trust, having purchased shares or certificates of beneficial interest therein, and filed the action for himself and for the benefit of all other persons similarly situated.

The complaint alleges that by written lease dated January 1, 1921, fifteen named persons leased to one John G. Clark as lessee, certain real property situated in San Bernardino County; that by another lease dated December 1, 1921, Ada Julia Hollar, Ruth Susan Hollar and Susan Hollar leased to the said Clark as lessee, certain other lands situated in that county; that the said Clark sublet both of said properties to the defendant X. H. Hollar; that the lessors named in these two leases, with six other named persons, entered into a written agreement and declaration of trust creating a common-law trust, the name of which was afterward changed to Saline Products Company; that under the declara-

tion of trust and under a permit issued by the corporation commissioner the "leasehold interest and properties" described and set forth in the above leases were turned over to X. H. Hollar, C. D. Crites, S. A. Court and W. D. Stroud as trustees of said trust; that certain shares or certificates of beneficial interest in the trust were given to the various trustors; and that other shares or certificates of beneficial interest were sold to outsiders, including the plaintiff. It is then alleged that X. H. Hollar controlled the actions of the other trustees and that the trustees, for the purpose of evading the trust and defrauding the holders of beneficial interests therein, caused to be organized under the laws of Nevada a corporation known as Saline Products Co., Inc., and transferred to that corporation all of the assets of said common-law trust. It is further alleged that the defendants X. H. Hollar, S. A. Chapman and Knute B. Norswing conspired together to wrongfully secure to themselves the ownership, control and domination of the property of the trust estate and to convert to their own use the trust estate which they hold in trust for the benefit of all of the trustors and beneficiaries holding beneficial interests in the trust estate, and to wrongfully cheat and defraud all those holding beneficial interests in the trust estate by forming this Nevada corporation and turning the assets of the trust estate over to that corporation; that the directors of that corporation are but the creatures of the defendant X. H. Hollar and were at all times subservient to all of his wishes; that said corporation was organized solely for the purpose of carrying out a fraudulent scheme whereby the assets of the trust estate would be turned over to a corporation bearing a name similar to that of the common-law trust for the purposes of deceiving the beneficiaries of that trust; that the said corporation was organized solely for the benefit of X. H. Hollar and the persons responsible for its organization; that the said X. H. Hollar, in violation of his trust, delivered to the Nevada corporation the purported title to all of the property of the trust estate and had himself appointed general manager of said corporation; that he has since that time acted as such manager and conducted the business for and on behalf of the Nevada corporation; and that he intends to sell shares of stock in the Nevada corporation and otherwise dispose of such shares in a manner that would involve the

title of the properties in the trust estate to its great damage and irreparable injury.

It is then alleged that the said Nevada corporation is not the lawful owner of the properties and assets of the trust estate, but is holding the same in fraud of the plaintiff and all other persons similarly situated; that the consideration paid by this corporation to X. H. Hollar and the other trustees of the trust estate was paid during the time when a fiduciary relation existed between Hollar and his cotrustees and the beneficiaries of said trust estate; and that those defendants who were trustees of said trust estate have violated and repudiated their trust and caused the Nevada corporation to be in possession of the real property in question. The prayer is that it be declared that the Nevada corporation holds the real property in question in trust for the plaintiff and other beneficiaries of said trust estate who are similarly situated, that this corporation be required to reconvey said property to the trustees of the trust estate, that a receiver be appointed to take possession of the properties belonging to the trust estate and to manage and conduct said properties, that an injunction issue restraining X. H. Hollar and the board of directors of the Nevada corporation from selling or disposing of shares of stock in that corporation, that the pretended sale of the properties of the trust estate to the Nevada corporation be set aside, that the defendant X. H. Hollar and his cotrustees under the trust estate be declared to be constructive trustees holding the property of the trust estate for the benefit of the plaintiff and all other beneficiaries holding beneficial interests in said trust estate, that the trustees of said trust estate be removed and other trustees be appointed by the court, and for such other relief as may be just and equitable. Copies of the two leases, the sublease, the declaration of trust and the permit issued by the corporation commissioner are attached to the complaint.

The complaint was filed on January 27, 1932. On May 22, 1934, a motion was filed accompanied by a petition signed by one Frank Thomas, as agent for Ruth Susan Hollar, setting forth that the same was filed as a special appearance and in nowise as a general appearance, and for no other purpose than requesting certain specific relief. The petition set forth that Ruth Susan Hollar had an interest in a portion of the real property involved in this action; that she was not a

party to this action; that a restraining order had been issued in this action restraining X. H. Hollar from entering upon any of the real property involved therein; that Ruth Susan Hollar had obtained a judgment in the Superior Court of San Bernardino County affecting a portion of the property and awarding her possession thereof; that an appeal had been filed from that judgment; that certain assessment work must be done upon said properties in order to comply with the mining laws of the United States and in order to prevent the forfeiture of the rights of Ruth Susan Hollar and other original filers of claims; that if such claims were allowed to lapse the rights and interests of the Saline Products Co., Inc., or the Saline Products Co., a common-law trust, would be forfeited to the detriment of all concerned; that it was to the interest of all parties to have said assessment work done immediately; that Ruth Susan Hollar is a resident of the state of Ohio; and that she desires said assessment work to be done by her brother, X. H. Hollar. It was therefore asked that an order be made modifying the restraining order previously made by the court to the extent that X. H. Hollar be permitted, as the agent of Ruth Susan Hollar, to go upon said premises and perform said assessment work. On June 22, 1932, the petition and motion for an order modifying the restraining order was denied by the court and it was further ordered that the complaint be amended by substituting the true name of Ruth Susan Hollar for and instead of the fictitious name of Jane Doe, as a defendant in said action. On July 21, 1934, the default of the defendant Ruth Susan Hollar was entered. On April 6, 1937, the court entered a judgment by default against Ruth Susan Hollar, which recites that she holds all of the property originally leased by her to Clark as a constructive trustee for the plaintiff and other similarly situated beneficiaries of the trust estate mentioned in the complaint; that as such constructive trustee she turn these properties over to the Saline Products Co. and the trust estate; that she execute a quitclaim deed to all of the properties to the trustees of the trust estate; that the pretended sale of the properties of the trust estate to the Nevada corporation was a perversion of the trust estate and was void; and that the defendant Ruth Susan Hollar is entitled to take nothing.

Ruth Susan Hollar has appealed from this judgment, the main grounds of appeal being that the complaint fails to state facts sufficient to constitute a cause of action against her, and that the record shows upon its face that the entry of this judgment was barred by section 583 of the Code of Civil Procedure, as amended in 1933.

■ The appellant was not named as a defendant in the complaint as filed. She was mentioned therein only as one of the lessors in one of the original leases to Clark and as one of the trustors in the trust agreement creating the common-law trust. The only allegation in the complaint concerning Jane Doe or any fictitious defendants is as follows:

"That the plaintiff is ignorant of the true names of the defendants herein sued as John Doe, Jane Doe, Richard Roe, John Doe Company, Henry First, Henry Second, and Henry Third, and plaintiff therefore prays leave to amend this complaint and any and all subsequent proceedings, pleadings and processes, by inserting their true names when and as they are respectfully ascertained."

The entire purpose of the complaint is to set forth a claimed violation of trust on the part of the trustees of this common-law trust. This is alleged to have taken place through a conspiracy on the part of certain of these trustees who are alleged to have incorporated the Nevada corporation and turned over the assets of the trust estate to that corporation for the purpose of defeating the rights of the trustors and all those who subsequently became trustors through the acquisition of certificates of beneficial interests in said trust. The appellant was not one of the trustees and it is not alleged that the fictitious defendants were guilty of any breach of trust, that they took any part in the conspiracy or that they had anything to do with the things complained of. If the things alleged in the complaint be taken as true the parties named as trustees, who have taken part in the conspiracy and in practicing a fraud, were guilty of a violation of trust and were defrauding the appellant as well as the respondent and other holders of beneficial interests in the trust estate, and the appellant was one of the victims of that fraud and not one of the perpetrators thereof. No allegation of the complaint charges the appellant, either in her true name or under a fictitious name, with in anywise aiding or abetting or having anything to do with the fraud complained

of. Assuming, but not holding, that her appearance for the purpose of moving for a modification of the restraining order was a general appearance, and that the complaint was properly amended to make her a party defendant, the fact remains that the complaint, after said amendment, still alleged no fraud upon her part and asked for no relief against her. The complaint states no cause of action against her and does not support the judgment, the effect of which is to deprive her of all interest in these properties. She had an interest as a trustor in this trust estate and presumably some interest arising from the judgment entered in the action in San Bernardino County, which has been referred to. Whatever the facts be and whatever her rights are, they have not been properly litigated in this action and assuming that she knew she had been made a party defendant herein, although the record fails to show that she was ever served with the amended complaint, there was nothing in the complaint to inform her that any relief was asked as against her.

It may further be observed that judgment was entered herein more than five years after the complaint was filed and after the period of limitation provided by section 583 of the Code of Civil Procedure, as amended in 1933, had expired, and when it was the duty of the court upon its own motion to dismiss the complaint. (*Rosefield Packing Co.* v. *Superior Court,* 4 Cal. (2d) 120 [47 Pac. (2d) 716].)

The judgment entered against the appellant is reversed.

Marks, J., and Jennings, J., concurred.