[Civ. No. 47185. Second Dist., Div. Five. Aug. 16, 1978.]

HARRY D. EDEN et al., Plaintiffs and Appellants, v.
MAX VAN TINE, Defendant and Appellant;
MARO CORPORATION, Defendant and Respondent.

880

## COUNSEL

E. Arnold Oppenheim for Plaintiffs and Appellants.

Acret & Perrochert and James M. Baratta for Defendant and Appellant.

A. Lee Adair for Defendant and Respondent.

## OPINION

HASTINGS, J.—Plaintiffs and Appellants Harry D. Eden and Nina S. Eden appeal from two judgments of dismissal entered following motions for summary judgment by defendant Maro Corporation, dba Western Laboratories (Maro) and Max Van Tine, individually, and doing business as Van Tine Construction Co. (Van Tine). Each of said motions was granted upon the ground that the Edens' causes of action against defendants were barred by the statute of limitations contained in sections 337.1, subdivision (a) and 337.15, subdivision (a) of the California Code of Civil Procedure.

### STATEMENT OF FACTS

Plaintiffs filed their complaint on May 11, 1973. The first cause of action is against defendants Paul and Esther Suskin (sellers) and others, and seeks rescission and damages arising out of plaintiff's purchase of residential property at 30177 Rhone Drive, Palos Verdes Peninsula, California (subject property) on February 21, 1972. This cause of action

alleges that at the time of sale, plaintiffs inquired of sellers and their brokers whether any defects existed in the stability of the property and the residence. In response they were told that the real property was stable and that the residence was structurally sound, and that the only defect in the property was a minor crack in the patio which occurred in 1966, which had not changed. Plaintiffs believed and relied on said representations and were induced thereby to purchase the real property.

On or about December 1, 1972, after the purchase had been completed and plaintiffs had taken possession of the premises, they discovered that a substantial section of a patio wall had failed and toppled down a slope, a fact which sellers and brokers had concealed from them. (Plaintiffs alleged this was not seen prior to purchase because of a dense hedge growth.) Upon discovery, plaintiffs employed engineers and geologists who discovered that the land was in fact unstable, and that the residence suffered substantial structural distress requiring considerable reconstruction of the property.

The second cause of action is against respondents Van Tine and Maro, seeking damages against these defendants predicated upon theories of negligence and strict liability in the development and construction of subject property.[1] Van Tine was a coowner-builder. The notice of completion was signed by Van Tine and Moore-Griffin Co., owners in fee title of the subject real property, and recorded on February 5, 1963. On October 14, 1963, a grant deed was recorded that was executed by Van Tine and Moore-Griffin Co., a partnership, conveying title to sellers Paul and Esther Suskin.

Maro was engaged by Van Tine in 1962 as the soil engineer to perform tests and to supervise and control the compaction of fill on the subject property. In June of 1962, Maro performed these services and prepared and submitted a compaction report and certification.

Van Tine cross-complained for indemnity against Maro and others. Van Tine's cross-complaint was dismissed because of the dismissal of plaintiffs' cause of action against Van Tine.

In substance, the minute order of the trial court held that plaintiffs' cause of action was barred by section 337.15, subdivision (a), of the Code

---

[1]The propriety of the dismissal of the second cause of action against Van Tine and Maro is the issue before us.

of Civil Procedure because the residence was habitable (substantially completed) when the notice of completion was recorded on February 5, 1963, and the complaint was filed more than 10 years after that date.[2] The trial court also found that the defects were patent rather than latent; therefore, the cause of action was barred by section 337.1 of the Code of Civil Procedure.[3]

## Issues

Plaintiffs identify the issues as follows:

Section 337.15 of the Code of Civil Procedure is inapplicable for the following reasons: (1) the meaning of "substantial completion" in the section refers to date of sale to the first consumer or initial occupancy. That this first occurred on October 14, 1963, when Van Tine and Moore-Griffin Co. conveyed title to the Suskins; therefore, the action was commenced within the 10-year period. (2) The statute is so vague as to be unconstitutional. (3) The statute cannot be applied retroactively.

## Disposition

(1) Under section 337.15, the 10-year statute of limitation period commences when the construction or improvement is substantially completed. Plaintiffs argue that the legislative history of the section discloses that the Legislature meant the phrase "substantially completed" to mean the time of sale or delivery of the "product" (the house) to the buyers. We disagree with plaintiffs that the legislative history of the bill

---

[2] Section 337.15, as pertinent here, provides as follows: "(a) No action may be brought to recover damages from any person who develops real property or performs or furnishes the design, specifications, surveying, planning, supervision, testing, or observation of construction or construction of an improvement to real property more than ten years after the substantial completion of such development or improvement for any of the following: (1) Any latent deficiency in the design, specification, surveying, planning, supervision, or observation of construction or construction of an improvement to, or survey of, real property."

[3] The pertinent provisions of section 337.1 are as follows: "(a) Except as otherwise provided in this section, no action shall be brought to recover damages from any person performing or furnishing the design, specifications, surveying, planning, supervision or observation of construction or construction of an improvement to real property more than four years after the substantial completion of such improvement for any of the following: (1) Any patent deficiency in the design, specification, surveying, planning, supervision or observation of construction or construction of an improvement to, or survey of, real property."

justifies this interpretation of the phrase.[4] If the Legislature had wanted to give the phrase a more restricted definition, it would have been very easy for it to have stated in section 337.15 that the 10-year period began on the first sale or delivery of the product, or words of like import. Refusal to incorporate appropriate language, after consideration of this issue (which is the most that the history of the bill suggests), strongly implies a rejection of the meaning suggested by plaintiffs. Furthermore, a definition of the phrase was unnecessary. Section 337.15 deals with real property works of improvement within the meaning of section 3082 et seq. of the Civil Code.[5] Section 3086, in pertinent part, provides: " 'Completion' means, in the case of any work of improvement other than a public work, *actual completion* of the work of improvement. Any of the following shall be deemed *equivalent* to a completion:

"(a) The occupation or use of a work of improvement by the owner, or his agent, accompanied by cessation of labor thereon.

"(b) The acceptance by the owner, or his agent of the work of improvement. . . ." (Italics added.) The section has specifically made "occupation" or "acceptance" an alternative to "actual completion." The definition of "substantial performance" is certainly compatible with these two alternatives.

■ " '*Excepting when clearly otherwise intended or indicated,* words in a statute should be given their ordinary meaning and receive a sensible construction in accord with the commonly understood meaning thereof.' " (*Gawzner Corp.* v. *Minier,* 46 Cal.App.3d 777, 783 [120 Cal.Rptr. 344, 80 A.L.R.3d 726], citing *County of Los Angeles* v. *Frisbie,* 19 Cal.2d 634, 642 [122 P.2d 526].) (Italics added.) "Legislative enactments are to be construed in accordance with the ordinary meaning of the language used, if the words are not ambiguous and do not lead to an absurdity" (*Centinela Valley Secondary Teachers Assn.* v. *Centinela Valley Union*

---

[4]One argument of plaintiffs is that Assembly Bill No. 2742, which passed, dropped the definition of "substantial completion," while Senate Bill No. 905 retained the definition but could not pass the first committee. According to plaintiffs, the inference is clear that the Legislature rejected the definition that "substantial completion" was at a time earlier than the first sale of the product, thereby supporting their meaning of the phrase. The eliminated definition of "substantial completion" was: "As used in this section, 'substantial completion' means that point in time when a structure or other work of improvement becomes suitable for the purpose for which it was constructed or its acceptance for occupancy by the owner, whichever occurs first."

[5]These actions deal specifically with real property works of improvement and establish procedures to be followed for the filing of mechanics' liens and stop notices.

*High Sch. Dist.,* 37 Cal.App.3d 35, 42-43 [112 Cal.Rptr. 27]), and in construing such language the courts *may not insert any omitted provision.* (See Code Civ. Proc., § 1858.) We are satisfied that the phrase "substantial completion" refers to a point in time that is easily ascertainable. It is possible that on some occasions the date of "substantial completion" will coincide with first delivery or first occupancy of the improvement (as urged by plaintiffs), but for the reasons stated, an earlier date is not precluded.

No evidence was produced by plaintiffs that the "Notice of Completion" was improperly recorded prior to substantial completion of the residence.[6] We therefore conclude there was "completion" of the improvement within Civil Code section 3086 and "substantial completion" under Code of Civil Procedure section 337.15, and the ten-year period commenced no later than February 5, 1963 (the recording date of the "Notice of Completion").

(2) Plaintiffs claim section 337.15 is unconstitutional because (a) there has been no prior judicial construction of its meaning; (b) it is vague and uncertain because the Legislature failed to define "substantial completion" which lacks a common law or industry-wide meaning; and (c) it is vague and uncertain because subdivision (e) is not "crystal clear." Arguments (a) and (b) are meritless. Our opinion *supra,* answers these contentions.

The third argument ((c) above) requires a response. Code of Civil Procedure section 337.15, subdivision (e) provides as follows: "The limitation prescribed by this section shall not be asserted by way of defense by *any person in actual possession or the control,* as owner, tenant or otherwise, of such an improvement, *at the time any deficiency in such improvement constitutes the proximate cause* for which it is proposed to bring an action." (Italics added.)

The language is clear and unambiguous. ■ This section prevents the person in possession or control of the premises at the time a deficiency occurs to escape liability by claiming it was caused by a latent

---

[6]A notice of completion filed before actual completion of the work of improvement is invalid. (See *Scott, Blake & Wynne* v. *Summit Ridge Estates, Inc.,* 251 Cal.App.2d 347, 357 [59 Cal.Rptr. 587].) Plaintiffs are in error when they say that a notice of completion is a document by a builder or owner that does not establish completion or habitability. It is the owner or his agent that files the notice, and thus his acceptance of the improvement is acknowledged.

defect traceable to the parties named in section 337.15, if more than 10 years have elapsed. We are assisted in this interpretation by the recent case of *Regents of the University of California* v. *Hartford Acc. & Indemn. Co.,* 21 Cal.3d 624 [147 Cal.Rptr. 486, 581 P.2d 197]. In this case the court, on page 632, finds no difficulty with the language. It states: ". . . the statute also states explicitly those who cannot plead it as a defense: owners, tenants, or other persons in actual possession or control of the realty." There is a reason for treating persons in possession differently from the contractor and architect. In footnote 2 of the above case, the court states: "A contractor is in the business of constructing improvements and must devote his capital to that end; the need to provide reserves against an uncertain liability extending indefinitely into the future could seriously impinge upon the conduct of his enterprise." On the other hand, one who owns the property or controls it at the time of the accident (i.e., at the time the defect constitutes the proximate cause of the damage or injury) is likely to have insurance.

Plaintiffs argue that subsection (e) applies to the contractor (and others named) who are in possession or control of the premises at the time the defective latent condition is designed, installed, or built into the improvement. This interpretation would defeat the intent of the statute. All contractors, developers, etc. are in control of the project at some stage of its development and plaintiffs' application of the subdivision would deny them the defense intended. Plaintiffs' interpretation strains the language of the subdivision. It does not refer to the person in possession or control at time of construction, but to the person in possession or control at the time that the deficiency becomes the proximate cause of the damage. ■ All presumptions and intendments favor the validity of a statute. (*In re Ricky H.,* 2 Cal.3d 513, 519 [86 Cal.Rptr. 76, 468 P.2d 204].) Statutes must be upheld unless their unconstitutionality clearly, positively and unmistakably appears. The fact that it is susceptible of different interpretations will not render it nugatory. (*People* v. *Anderson,* 29 Cal.App.3d 551, 561 [105 Cal.Rptr. 664].)

(3) Plaintiffs' final contention is that a statute is presumed to be prospective only in operation and will not be retroactively applied unless such intention clearly appears from language of the statute itself. (*People* ex rel. *City of Bellflower* v. *Bellflower County Water Dist.,* 247 Cal.App.2d 344, 350-351 [55 Cal.Rptr. 584]; *DiGenova* v. *State Board of Education,* 57 Cal.2d 167, 174 [18 Cal.Rptr. 369, 367 P.2d 865].) Section 337.15 is a procedural statute of limitations. (See *Regents of the University of California* v. *Hartford Acc. & Indemn. Co., supra,* 21 Cal.3d 624.) The law

concerning retroactivity of such a statute was outlined in *Rosefield Packing Co.* v. *Superior Court,* 4 Cal.2d 120 [47 P.2d 716], where the court said (p. 122): ". . . it has been specifically held that the legislature may shorten or extend the period of the statute of limitations, or similar time statutes relating to procedures, and that the changed period may be made applicable to pending proceedings. . . . If the statute operates immediately to cut off the existing remedy, or within so short a time as to give the party no reasonable opportunity to exercise his remedy, then the retroactive application of it is unconstitutional as to such party. [Citation.]" As to what is a "reasonable opportunity to exercise his remedy," the *Rosefield* court decided that this is a question of law when it said on page 124: "Whether there was reasonable time in these cases is not a matter committed to the discretion of the trial court. The question is one of constitutionality of the statute which in terms applies to the pending case; and if it appears that there was a reasonable time for exercise of the remedy before the statutory bar became fixed, the lower court cannot consider individual hardship or other circumstances, but must give effect to the express provisions of the law. On this point the case of *Shoemaker* v. *Superior Court, supra,* must be disapproved."

■ In our present case, the date of "substantial completion" was February 5, 1963. On December 1, 1972, plaintiffs allege, they discovered a section of the original wall had failed and toppled down a slope, a fact concealed from them by the sellers (allegedly, heavy hedge growth prevented plaintiffs on inspection from seeing it).[7] On this date, only two months and five days remained of the ten-year period prescribed by section 337.15. If the defect was truly latent, the fallen wall would not necessarily give notice to plaintiffs that it was a soil engineering problem. It would be notice to them that they should act quickly to discover its proximate cause. It then follows that a reasonable period of time must be allowed for this purpose. Plaintiffs hired engineers and geologists who reported the homesite was negligently graded, cut, and filled. We cannot discern from the complaint when plaintiffs first received this report, however, it would probably be at a time very close to the end of the ten-year period or shortly thereafter because the complaint was filed on May 11, 1973, approximately five months after discovery of the collapsed wall. Plaintiffs, under prior law, had no less than three years after notice of the latent defect to commence their cause of action. Section 337.15 reduced their period to file their cause of action to a reasonable time after

[7]This fact is hard to believe, however, plaintiffs are not suing Van Tine and Maro for a new wall. They are alleging they were not put on notice of a possible latent defect until discovery of the fallen wall,—a question for the trier of fact. (See comment, fn. 8, *infra.*)

the *alleged* discovery of the fallen wall. For reasons stated above, we conclude that plaintiffs filed their complaint within a reasonable time and should be given an opportunity to prove their case in court.

We cannot stop at this point in the opinion, however, and remand for trial without commenting on another problem raised by plaintiffs' complaint. The trial court also dismissed the complaint under section 337.1 (fn. 2, *ante*) under the theory that the defect was patent. This section requires filing of the cause of action no less than four years after substantial completion of the improvement. The finding of the trial court on this point was: "Those cases cited by plaintiff holding that the question of the effect of the Statute of Limitations is a question of fact are not controlling for here Plaintiff alleged in his first cause of action that the Defendant Original Purchasers and Defendant Broker concealed the defects involved, some having been discovered in 1966; and Plaintiff incorporated all of those allegations in the cause of action relating to this Moving Defendant. Therefore, the defect was, by plaintiff's own allegations, patent, rather than latent, in 1966."

The finding of the trial court was in error. The allegations in plaintiffs' complaint were: 1. ". . . Sellers and Brokers, and each of them, assured Plaintiffs that . . . the only defect in the property was a minor crack in the patio which occurred in 1966, and since that date had not changed" and 2. "Defendant Sellers, and each of them, at the time they agreed to sell said property to Plaintiffs, knew or should have known of the defects in said property as hereinabove alleged, concealed the true facts from Plaintiffs and misrepresented to Plaintiffs that said ground was stable and the residence structurally sound."

Plaintiffs are alleging that their predecessors in interest knew or should have known of the *latent* defects that developed long after construction but they concealed this information from plaintiffs. Under the allegations of the complaint, section 337.1 is inapplicable. However, the facts alleged could conceivably defeat plaintiffs' cause of action at trial. If, as alleged, plaintiffs' sellers knew or should have known of the latent defect, there was adequate time to bring a cause of action against Maro and Van Tine before the action was outlawed by section 337.15. Plaintiffs stand in the shoes of their predecessors and the period of the seller's knowledge must be added to theirs. In other words, there would have been ample time to sue before section 337.15 became effective and the statute's retroactive effect would be constitutional. Proof that their sellers knew of the defects but concealed them might gain them a judgment against the sellers (first

cause of action), but absolve Eden and Van Tine under section 337.15. In any event, the problems involved are factual and must be resolved by a court or jury.[8]

In view of the fact that we are remanding the action for trial, the dismissal of Van Tine's cross-complaint against Maro must be reversed and the cross-complaint reinstated.

The judgments of dismissal of plaintiffs' cause of action against Van Tine and Maro, and the judgment of dismissal of Van Tine's cross-complaint against Maro, are all reversed.

Stephens, Acting P. J., and Ashby, J., concurred.

---

[8]It is also possible that the fallen wall was a patent defect at the time plaintiffs purchased the property (but not at the time of construction as contemplated by section 337.1). If it was patent the trier of fact could conclude plaintiffs should have investigated the reason immediately after purchase (Feb. 21, 1972) one full year before section 337.15 outlawed their action against Van Tine and Maro.