[Civ. No. 68631. Second Dist., Div. Four. Oct. 6, 1983.]

MICHAEL THOMAS WHITESIDE, Plaintiff and Appellant, v.
THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,
Defendant and Respondent.

## COUNSEL

Gelfand & Gelfand, Judith A. Gelfand and Gary B. Gelfand for Plaintiff and Appellant.

Schell & Delamer, Fred B. Belanger and Kenneth B. Prindle for Defendant and Respondent.

## OPINION

**KINGSLEY, Acting P. J.**—Plaintiff brought a suit against the Regents, alleging a cause of action for medical malpractice occurring while he was a patient at a hospital owned and operated by the Regents. The trial court sustained a demurrer and dismissed the action on the ground of a statute of limitations. Plaintiff has appealed; we reverse.

Plaintiff was born on April 7, 1962. In June of 1971, when plaintiff was about nine years of age, his parents took him to the hospital for treatment. It is alleged that the hospital staff failed properly to diagnose his condition, as a result of which wrong diagnosis he was not given the proper treatment and, for lack of that treatment, was rendered permanently blind. By an amendment, filed pursuant to a stipulation and an order of court dated May 17, 1982, it is alleged as follows:

Plaintiff Michael Thomas Whiteside attained his age of majority on April 7, 1980. At all times herein mentioned the parents of Michael Thomas Whiteside refused to allow a lawsuit to be brought on his behalf for the injuries set forth below. On December 4, 1980, within one year after plaintiff had reached majority, he instituted the present action.

## I

At the time of the alleged malpractice, the applicable statute of limitations were:

Section 340.5 of the Code of Civil Procedure, which as amended in 1970, read as follows: "In an action for injury or death against a physician or surgeon . . . based upon such person's alleged professional negligence, or for rendering professional services without consent, or for error or omission in such person's practice, four years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever first occurs. This time limitation shall be tolled for any period during which such person has failed to disclose any act, error, or omission upon which such action is based and which is known or through the use of reasonable diligence should have been known to him"; and (2) section 352, amended in the same year as section 340.5 was amended. For many years, section 352 had provided that the time when a person was under the age of majority was "not a part of the time limited for the commencement of" an action. The 1970 amendment left that portion of the statute unchanged, changing the section only by adding a provision applicable specifically to actions against public entities not here applicable.

■ Appellant urges, and we agree that, in 1971, when the alleged malpractice occurred, the apparently flat four-year provision of section 340.5 was limited by the tolling provision of section 352 and that, had no further legislation taken place, plaintiff had until one year after attaining majority to file his action and no statute of limitations barred it.

## II

In 1975, when plaintiff was 13 years of age, section 340.5 was amended to provide, in pertinent part, as follows: "In an action for injury or death against a health care provider based upon such person's alleged professional negligence, the time for the commencement of action shall be three years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first. In no event shall the time for commencement of legal

action exceed three years unless tolled for any of the following: (1) upon proof of fraud, (2) intentional concealment, or (3) the presence of a foreign body, which has no therapeutic or diagnostic purpose or effect, in the person of the injured person. Actions by a minor shall be commenced within three years from the date of the alleged wrongful act except that actions by a minor under the full age of six years shall be commenced within three years or prior to his eighth birthday whichever provides a longer period. Such time limitation shall be tolled for minors for any period during which parent or guardian and defendant's insurer or health care provider have committed fraud or collusion in the failure to bring an action on behalf of the injured minor for professional negligence.'' Respondent contends, and the trial court agreed, that that amendment operated to bar this action. We disagree.

It is well settled that the Legislature may, validly, change and shorten the statute of limitation applicable to pending causes of action. However, as respondent here admits, that power is limited by the rule that, in shortening the statutory period, there must remain, or be given, a "reasonable" time within which to file an action on an existing cause of action.

It is the contention of respondent here that, although a minor had, even without any express statutory period of amelioration, a "reasonable" time within which to file an action, the present action, filed over five years after section 340.5 was amended, was filed beyond any "reasonable" time. We disagree. Except in situations not here present, an application for appointment as a guardian ad litem must be made by a parent.[1] Where, as here, an unemancipated minor's natural parents refuse to secure the appointment of a guardian ad litem, the minor has no choice but to await his majority when he can, for the first time, institute an action. Where, as here, no action could be filed until majority, the period of time after April 7, 1980, within which to retain counsel, for counsel to investigate, prepare the pleadings and file was, as a matter of law, a "reasonable" time.

The judgment (order of dismissal) is reversed.

Amerian, J., and Lucas, J.,* concurred.

A petition for a rehearing was denied October 27, 1983, and the opinion was modified to read as printed above. Respondent's petition for a hearing by the Supreme Court was denied January 4, 1984.

---

[1] Of course the parent's application may nominate someone other than the parent.
*Assigned by the Chairperson of the Judicial Council.