[No. H001837. Sixth Dist., Apr. 22, 1987.]

WILLIAM J. ARONSON, Petitioner, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY, Respondent;
MATTHEW A., a Minor, etc., Real Party in Interest.

[No. H001848. Sixth Dist., Apr. 22, 1987.]

BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR
UNIVERSITY, Petitioner, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY, Respondent;
MATTHEW A., a Minor, etc., Real Party in Interest.

COUNSEL

Edward A. Hinshaw, Tyler G. Draa, Ropers, Majeski, Kohn, Bentley, Wagner & Kane, Robert F. Kane and Gail Y. Norton for Petitioners.

No appearance for Respondent.

George J. Shelby, Walkup, Shelby, Bastian, Melodia, Kelly & O'Reilly, Victoria J. De Goff and De Goff & Sherman for Real Party in Interest.

OPINION

BRAUER, J.—Petitioners Aronson and Stanford University, defendants in a medical malpractice action brought by real party/plaintiff Matthew A., a minor, each seek a writ of mandate to compel the trial court to sustain demurrers to the amended complaint based on the statute of limitations

applicable to minors' medical malpractice actions. (Code Civ. Proc., § 340.5.)[1] We consolidate these petitions for decision because they raise the identical issue. The trial court overruled the demurrers because it concluded that a factual question was raised by the retroactive application of the limitations period, namely, whether the plaintiff had a reasonable time within which to file his complaint. We do not think the issue here raises a question of fact; rather, the constitutionality of retroactive application of the statute must be determined by the court. We conclude that the statute applies, barring the action. Accordingly the writ must issue.

## FACTS

Matthew's complaint alleges that he was born on July 19, 1971, that defendants' negligence in providing prenatal and delivery care caused him to suffer "birth brain injuries" resulting in his total paralysis and inability to speak, and that some of the injuries will be permanent.

He filed his complaint on July 26, 1985, through his aunt, Lorrie Koehler, as guardian ad litem. He alleges his parents failed or refused to bring an action on his behalf. The complaint was filed slightly more than 14 years after the alleged negligence and injuries occurred.

When Matthew was born, the applicable statute of limitations for medical malpractice was four years from date of injury or one year from actual or constructive discovery, whichever first occurs, subject to tolling during minority. (Former §§ 340.5, 352.) But section 340.5 was amended in 1975. The amendment has been construed by the decision in *Young* v. *Haines* (1986) 41 Cal.3d 883 [226 Cal.Rptr. 547, 718 P.2d 909]. It gives a minor plaintiff either three years from the date of injury, or, if the injury occurred before the plaintiff was six years old, until the plaintiff's eighth birthday—whichever period is longer—to file the action. The period is subject to tolling (according to the statute as construed in *Young* v. *Haines, supra*) for (1) fraudulent collusion of parent with health care provider, (2) intentional concealment of injury by health care provider,[2] or (3) presence of a foreign body in the person of the victim. It is not subject to tolling, or more precisely, accrual of the cause of action is not postponed, until discovery of the injury. (*Id.* at p. 901.)

The complaint sets forth none of the statutory conditions recited above

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise stated.

[2] While the statute does not expressly say so, it is clear that, in order to toll the three-year clause, the intentional concealment must be by the health-care provider. (*Sanchez* v. *South Hoover Hospital* (1976) 18 Cal.3d 93, 95 [132 Cal.Rptr. 657, 553 P.2d 1129]; *Trantafello* v. *Medical Center of Tarzana* (1986) 182 Cal.App.3d 315, 320 et seq [227 Cal.Rptr. 84]; *Wallace* v. *Hibner* (1985) 171 Cal.App.3d 1042 [217 Cal.Rptr. 748].)

to toll the period. It instead alleges: "Because of his condition, even with the exercise of reasonable diligence under the circumstances, plaintiff was unable to discover that his injuries might be the result of the negligence of the defendants until very shortly before this Complaint is being filed. [¶] Plaintiff is bringing this action through his present guardian ad litem, . . . because his parents failed and/or refused to bring such an action on his behalf."

## DISCUSSION

■ Well settled law, disputed by no party here, establishes that retrospective application of a shortened limitations period is permissible provided the party has a reasonable time to avail himself of his remedy before the statute cuts off his right. (*Rosefield Packing Co.* v. *Superior Court* (1935) 4 Cal.2d 120, 122 [47 P.2d 716]; *Liptak* v. *Diane Apartments, Inc.* (1980) 109 Cal.App.3d 762, 774; see generally 3 Witkin, Cal. Procedure (3d ed. 1985) Actions §§ 331, 428, pp. 360-361, 461-462.)

■ The doctrine of retrospectivity of limitations statutes is one of constitutional dimension. In California, statutes of limitations, being procedural, are normally retroactively applied to accrued causes of action; but the court must inquire whether, in a given case, that retrospective application may violate due process by in effect eliminating the plaintiff's right. If the time left to file suit is reasonable, no such constitutional violation occurs, and the statute is applied as enacted. If no time is left, or only an unreasonably short time remains, then the statute cannot be applied at all. This analysis is set forth clearly in *Rosefield Packing Co., supra,* pointing out the question is one of constitutionality; the statute may not operate immediately to cut off the accrued remedy "or within so short a time as to give the party no reasonable opportunity to exercise his remedy"; if the statute does so operate it is unconstitutional. (*Rosefield Packing Co., supra,* 4 Cal.2d at p. 122.) Further, the issue is one of law for appellate resolution. In *Rosefield,* retrospective application left the plaintiff "practically an entire year" to bring suit after enactment of the amendment (*id.* at p. 123); "[t]here can be no doubt but that this was a reasonable time . . . ." (*Ibid.*)

Decisions applying this general principle of retrospectivity when reasonable have handled the analysis in a similar fashion. (E.g., *Liptak* v. *Diane Apartments, Inc., supra,* 109 Cal.App.3d 762; *Eden* v. *Van Tine* (1978) 83 Cal.App.3d 879, 886 [148 Cal.Rptr. 215, 12 A.L.R.4th 856].) Both *Liptak* and *Eden* quote this instructive language from *Rosefield Packing*: "Whether there was reasonable time in these cases is *not a matter committed to the discretion of the trial court.* The question is one of constitutionality of the statute . . . ." (*Rosefield Packing Co., supra,* 4 Cal.2d at p. 124, italics added.) What *Rosefield* m in saying the issue of reasonable time is not

committed to the trial court's discretion, is that the matter is a question of law.[3]

The *Eden* court specifically says that under *Rosefield* the issue is one of law. (83 Cal.App.3d at p. 887.) Further, *Young* v. *Haines* also treats the issue as one of law, pointing out in a footnote that the plaintiff there had five years after the amendment to section 340.5 to bring suit, and saying "This is a reasonable time in which to sue." (41 Cal.3d at p. 891, fn. 5.)

Plaintiff here seeks to rely on the decision in *Whiteside* v. *Regents of University of California* (1983) 147 Cal.App.3d 854 [195 Cal.Rptr. 349], which held a minor's action under the statute was brought within a reasonable time, and was not barred, on these facts: the child was born April 7, 1962; he was allegedly injured in June 1971 at about age nine; he attained majority on April 7, 1980, and brought the lawsuit on December 4, 1980, within one year of attaining majority. As here, he alleged his parents had refused to allow a lawsuit to be brought on his behalf. The *Whiteside* court concluded (1) the plaintiff's action was brought within a reasonable time of his attaining majority; (2) the shortening of the period by the 1975 amendment could not be applied to him. As reason for the latter conclusion the court said, "Where, as here, an unemancipated minor's natural parents refuse to secure the appointment of a guardian ad litem, the minor has no choice but to await his majority when he can, for the first time, institute an action." (147 Cal.App.3d at p. 857.)

The *Whiteside* holding is correct in the light of the traditional requirement, discussed above, that the statute of limitations cannot be retrospectively applied if it does not leave the plaintiff a reasonable time in which to sue. The facts there were such that application of the statute would have left the plaintiff no time to sue, since he was injured at age nine and was thirteen years old in 1975 when the statute was amended, so that the amendment occurred after plaintiff's eighth birthday and more than three years after the injury, thus entirely eliminating the cause of action. Accordingly, under the constitutional analysis discussed above, the court could simply have found that it violated due process to apply the statute to Whiteside, and instead applied former law giving plaintiff a year after attaining majority in which to bring suit.

But the reasoning of *Whiteside* cannot stand after *Young*. *Whiteside* imports into this restrictively drafted statute a tolling provision until a reasonable time after majority for those minors whose parents declined to file suit. No such exception is set forth in the enactment.

---

[3]Further, it will be noted the one-year period treated as reasonable in *Rosefield, supra,* is considerably shorter than that available here. After the 1975 amendment of the statute, plaintiff had about four years to sue. (He was born in 1971, was injured before age six, hence had until his eighth birthday, July 19, 1979, to file suit.)

*Young,* under compulsion of the equal protection clause, accorded to minors the same three tolling benefits vouchsafed to adults by the statute. But with that single exception, section 340.5 was approved as written. Specifically, the court said that the former statute of limitations applicable to minors no longer applies in Medical Injury Compensation Reform Act (MICRA) actions. "[T]he conclusion that the Legislature intended to restore a common law tolling provision which it had abolished five years previously is untenable." (*Young* v. *Haines, supra,* 41 Cal.3d at p. 896.) It would be inconsistent with this binding Supreme Court precedent to engraft onto the statute a tolling provision for children of parents who refuse to sue, for such an interpretation would essentially reenact, for those minors, the former law tolling such statutes until majority.

In declining to read into section 340.5 a delayed discovery provision as to minors, *Young* discussed at length the financial crisis impelling enactment of MICRA, including this limitations provision, and the particular problems arising from long delayed lawsuits by minors, and interpreted the statute to effect the Legislature's legitimate concerns with costs and inequities in trying lawsuits based on long past events.

*Young* emphasized that "[w]here the plaintiff is a minor, it is the knowledge or lack thereof of the parents which determines when the cause of action accrues. [Citations.]" (*Id.* at p. 890, fn. 4.) Although that statement in context referred to issues other than retrospectivity, it rests on an underlying principle applicable here as well as there: that the minor must depend upon his legal custodians to protect his interests, and finds no exception in section 340.5 for situations where they fail to do so.

Although seemingly harsh, this principle is consistent with the minor's general legal situation which renders him dependent upon his parents' or legal guardian's judgment for his entire well-being in every respect. To create a particular exception where the bringing of a lawsuit is concerned is to provide a benefit for potential underage malpractice plaintiffs not accorded to minors generally who would avoid the results of their custodians' unwise choices on their behalf. Except in egregious situations calling for interference with legal custody, the parents, not the courts, make decisions for the minor. The decision to file a malpractice action is one such decision. Nowhere in the statute is there language authorizing special exceptions for the minor whose parents simply refuse to sue when, perhaps, some person would conclude they should.

Nor is a court in any event well situated to judge the wisdom of the parental choice to sue or not to sue. We are not inclined to hold as a matter of law that a lawsuit is always the best use of family resources and energy.

Nor are we inclined, or authorized, to take over the decisions relative to the care of minors.[4]

*Young* compels us to apply MICRA as written, except where constitutional considerations override the statute. Here no such considerations apply. ▮ The time left to plaintiff to sue, four years, is clearly reasonable in light of *Young* and *Rosefield.* Therefore the statute applies.

We conclude the instant action is barred as a matter of law, unless plaintiff can amend his complaint to establish a statutory tolling exception. We note that the trial court may grant leave to amend to allege facts establishing such an exception (as was done in *Young*), but plaintiff will be held to the facts legitimately established during discovery, on possible later summary judgment proceedings. (See, e.g., *D'Amico* v. *Board of Medical Examiners* (1974) 11 Cal.3d 1, 21-22 [112 Cal.Rptr. 786]; *State Farm Mut. Auto. Ins. Co.* v. *Eastman* (1984) 158 Cal.App.3d 562, 573 [204 Cal.Rptr. 827]; *Leasman* v. *Beech Aircraft Corp.* (1975) 48 Cal.App.3d 376, 382 [121 Cal.Rptr. 768].)

### DISPOSITION

Real party in interest has been notified that a peremptory writ in the first instance could be issued here, and he has filed opposition. The peremptory writ of mandate will issue in the first instance. (Code Civ. Proc., § 1088; *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177-182 [203 Cal.Rptr. 626, 681 P.2d 893].)

Let a writ of mandate issue to the Superior Court of Santa Clara County directing it to vacate its orders overruling petitioners' demurrers and instead to sustain said demurrers on the ground the statute of limitations, Code of Civil Procedure section 340.5, bars the action. The trial court may grant leave to amend upon a proper showing.

Agliano, P. J., and Capaccioli, J., concurred.

A petition for a rehearing was denied May 12, 1987, and the petition of real party in interest for review by the Supreme Court was denied July 29, 1987.

---

[4]Many important decisions affecting a child's welfare are normally left to the parents. For example, they may control the child's medical treatment unless their decisions would threaten the child's life or warrant state interference with custody. (E.g., *In re Green* (1972) 448 Pa. 338 [292 A.2d 387, 52 A.L.R.3d 1106] [refusal to compel mother, a Jehovah's Witness, to authorize surgery to correct a spinal condition, which operation she opposed because it required blood transfusions contrary to her religious beliefs; the operation would be beneficial to the child but his condition was not life threatening]; see generally Annots., (1973) 52 A.L.R.3d 1118, (1980) 97 A.L.R.3d 421; see also *Weber* v. *Stony Brook Hosp.* (1983) 60 N.Y.2d 208 [469 N.Y.S.2d 63, 456 N.E.2d 1186] [refusal to compel parents to go beyond a conservative course of medical treatment for infant suffering from spina bifida, absent compliance with the New York Family Court Act establishing grounds for interference with parental custody].)