Filed 8/6/25  Betti v. Ahern CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| ARLENE BETTI, | D084348 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2021-00037717-CU-MM-CTL) |
| MATTHEW TODD AHERN, D.O., | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of San Diego County, Michael T. Smyth, Judge.  Affirmed.

Betti & Associates and Michele M. Betti for Plaintiff and Appellant.

Hegeler & Anderson, Barton H. Hegeler and Storm P. Anderson, for Defendant and Respondent.

The trial court granted Matthew Todd Ahern, D.O.'s motion to dismiss Arlene Betti's complaint against him for medical malpractice, finding the matter untimely filed.  On appeal, Betti contends the trial court applied the incorrect statute of limitations.  Concluding otherwise, we affirm by memorandum opinion.  (See generally *People v. Garcia* (2002) 97 Cal.App.4th 847.)

## I.

In April 2019, Ahern diagnosed Betti with and treated her for vasovagal syncope. The next day, another doctor at a different hospital diagnosed Betti with a urinary tract infection and sepsis requiring hospitalization. On August 1, Betti, through her attorney, sent a letter to the hospital at which Ahern worked alleging lack of medical care and gross negligence.

On September 2, 2021, Betti filed a complaint against Ahern. The trial court granted Ahern's motion to dismiss, finding the matter time-barred.

## II.

Betti contends the trial court erred in its judgment because it applied the wrong statute of limitations. We disagree.

We review interpretations of California Rules of Court de novo. (*Mercury Interactive Corp. v. Klein* (2007) 158 Cal.App.4th 60, 81.) Likewise, we independently review an order sustaining a demurrer. (*King v. CompPartners, Inc.* (2018) 5 Cal.5th 1039, 1050.)

Code of Civil Procedure section 340.5 provides an action against a health care provider based on alleged professional negligence shall be filed within one year of the plaintiff's discovery of the injury.

On April 6, 2020, the Judicial Council of California adopted Emergency Rule 9, which tolled statutes of limitations for civil causes of action. On May 29, the Judicial Council amended Rule 9 to limit tolling from April 6 through October 1, 2020. (California Courts Newsroom, Judicial Council Revises Emergency Rule on Statutes of Limitations in Civil Cases, <http://newsroom.courts.ca.gov/news/judicial-council-revises-emergency-rule-statutes-limitations-civil-cases> [as of August 6, 2025], archived at <https://perma.cc/FSR4-K6MB >.) Because the trial court relied on these

2

rules, which are relevant on appeal, we grant Ahern's request for judicial notice of the May 2020 Judicial Council circulating order, Rule 9, and amended Rule 9. (See Evid. Code, § 452, subds. (a), (e).)

The limitations period began running when Betti learned of her injury. (§ 340.5.) The parties agree Betti had actual knowledge of her injury no later than August 1, 2019, when she, through her attorney, mailed a letter to Ahern's hospital detailing the alleged negligence. Accordingly, absent tolling, her deadline to file a complaint would have been August 1, 2020.

Amended Rule 9, however, tolled the statute of limitations period for 178 days from April 6 through October 1, 2020, making Betti's new deadline to file January 26, 2021. (See *Committee for Sound Water & Land Development v. City of Seaside* (2022) 79 Cal.App.5th 389, 403.) But on January 25, 2021, Betti served Ahern with a notice of intent to sue pursuant to section 364, which extended her time for filing by a further 90 days (Code Civ. Proc., § 364(d)), giving her until April 26, 2021 to file.

Yet Betti did not file her complaint until September 2, 2021, making it untimely.

Relying on *Chevron Oil Co. v. Huson* (1971) 404 U.S. 97, Betti argues amended Rule 9 should not be retroactively applied. Instead, she contends Rule 9 as originally enacted—which tolled the statutes of limitations for civil causes of action until 90 days after the state of emergency resulting from the Covid-19 pandemic was lifted—should govern. As Governor Gavin Newsom did not withdraw the emergency order declaring the state of emergency until February 2023, she argues her suit was timely.

Retrospective application of a shortened limitations period is permissible provided the party has a reasonable time to avail itself of its remedy before the statute cuts off its right. (*Aronson v. Superior Court* (1987)

3

191 Cal.App.3d 294, 297.) The U.S. Supreme Court has long held that the question of retroactivity was to be determined by considering whether the rule to be applied established a new principle of law, whether retroactive application would advance or hinder the purpose of the rule, and by weighing the inequity imposed by retroactive application. (*Chevron*, 404 U.S. 97 at pp. 106-107.) Here, amended Rule 9 provided Betti with approximately six additional months in which to file her complaint than she would have had absent tolling, did not establish a new principle of law, and aimed to clarify the rule. We thus determine as a matter of law that Betti's remedy was not cut off or inequitable; instead, she had a reasonable amount of time in which to file her complaint. (*Committee,* 79 Cal.App.5th at pp. 404-405.) Accordingly, we conclude the trial court properly (1) applied amended Rule 9 and (2) dismissed Betti's complaint as untimely.

Although Betti argues she justifiably relied on Rule 9 with "no notice of the rule being changed and no reason for [her] to check," Betti provides no record citations or authority in support of this argument, which we therefore deem forfeited. (*Meridian Financial Services, Inc. v. Phan* (2021) 67 Cal.App.5th 657, 701, fn. 15.) Nor does Betti's counsel's mistake about the statute of limitations excuse the untimely filing. (See *Gutierrez v. Mofid* (1985) 39 Cal.3d 892, 900.)

Given our conclusion, we do not need to address Betti's other contentions.

## III.

We affirm. Ahern is entitled to his costs on appeal. (Cal. Rules of Court, rule 8.278(a).)

CASTILLO, J.

WE CONCUR:

DO, Acting P. J.

KELETY, J.