[No. A057754. First Dist., Div. One. May 3, 1993.]

STUART A. SAFINE, Plaintiff, Cross-defendant and Appellant, v. JAMES M. SINNOTT, Defendant, Cross-complainant and Respondent; TERRANCE M. MURPHY et al., Cross-defendants and Appellants.

**COUNSEL**

Stuart A. Safine, in pro. per, for Plaintiff, Cross-defendant and Appellant and for Cross-defendants and Appellants.

Jackl, Katzen, Hulchiy & Murray and Christopher J. Joy for Defendant, Cross-complainant and Respondent.

## OPINION

**STEIN, J.**—Stuart A. Safine, an attorney, filed an action against his ex-client, James M. Sinnott, for slightly over $4,000 in legal fees and costs advanced. Sinnott answered, stating as an affirmative defense that he had a claim against Safine contingent upon the outcome of a pending appeal. Sinnott then filed a cross-complaint for attorney malpractice, alleging that Safine's negligence had caused Sinnott to incur $5,400 in attorney fees, $101.80 in costs, and a prospective loss of $31,890. The superior court, apparently subtracting Safine's claim from Sinnott's claim, entered judgment in favor of Sinnott for $28,209.30 plus interest.

Safine appeals, arguing that the court erred in finding that Sinnott's claim was not barred by the statute of limitations. We agree, concluding that Sinnott was not entitled to take anything by his cross-complaint. We further find, however, that Sinnott was entitled to use his time-barred claim to offset Safine's claim. It follows that although Sinnott is not entitled to judgment against Safine, Safine is not entitled to any money from Sinnott. We will modify the judgment to reflect our conclusions.

### BACKGROUND

The essential facts are undisputed. As relevant here, it appears that Safine represented Sinnott in two matters, Sinnott v. Pacific Investors (Super. Ct. Contra Costa County, 1979, No. 245321) and Sinnott v. Pricco (Super. Ct. Contra Costa County, 1979, No. 202641). The first of these involved a real estate transaction and resulted in a July 18, 1983, judgment requiring Sinnott to pay over $1 million in order to close escrow. Sinnott paid that amount into escrow on August 5, 1983. On August 8, 1983, Sinnott discovered that the judgment erroneously failed to credit him with $31,890 already paid by him. On December 15, 1983, Safine filed a motion on Sinnott's behalf, seeking to have the judgment corrected. The motion was denied as untimely.[1] On April 13, 1984, Sinnott substituted his current counsel, Christopher Joy, for Safine. Upon a motion brought by Joy, the trial court modified its judgment and entered a corrected judgment on April 25, 1984, giving Sinnott the appropriate credit. On April 10, 1986, the corrected judgment was reversed on appeal because the trial court lacked jurisdiction to modify its judgment. In the meantime, on June 20, 1985, Safine filed his complaint against Sinnott for attorney fees due and owing on both the Pacific Investors and Pricco matters. Sinnott filed his cross-complaint on November 18, 1985.

---

[1] Code of Civil Procedure section 663a required that the motion have been filed within 15 days of mailing of the notice of entry of judgment.

## Discussion

The relevant statute of limitations is set forth in Code of Civil Procedure section 340.6, providing that an action for attorney negligence shall be commenced within one year after the plaintiff discovers, or should have discovered, the facts constituting the relevant wrongful act or omission. ▋ The period runs from such date whether the claim is stated in a complaint or, as here, in a cross-complaint (*Liberty Mut. Ins. Co.* v. *Fales* (1973) 8 Cal.3d 712, 715, fn. 4 [106 Cal.Rptr. 21, 505 P.2d 213]), except that the filing of a complaint tolls the limitations period on a defendant's then unbarred cause of action arising out of the same transaction. (*Electronic Equipment Express, Inc.* v. *Donald H. Seiler & Co.* (1981) 122 Cal.App.3d 834, 844 [176 Cal.Rptr. 239].) In addition, as relevant here, the limitations period is tolled during the time that the plaintiff has not sustained actual injury (Code Civ. Proc., § 340.6, subd. (a)(1)) and during the time that the attorney continues to represent the plaintiff in connection with the specific subject matter in which the wrongful act or omission occurred. (§ 340.6, subd. (a)(2).)

Sinnott discovered Safine's negligence[2] on August 8, 1983. Under Code of Civil Procedure section 340.6, subdivision (a)(2), the limitations period was tolled during the time Safine continued to represent Sinnott, i.e., until April 1984. As Safine's complaint was not filed until June 20, 1985, more than one year later, the filing of the complaint did not toll the limitations period as to Sinnott's claim. (See *Electronic Equipment Express, Inc.* v. *Donald H. Seiler & Co.*, *supra*, 122 Cal.App.3d at p. 844.)

▋ Sinnott argues, however, that under Code of Civil Procedure section 340.6, subdivision (a)(1), the limitations period was tolled until April 10, 1986, when the corrected judgment was reversed, arguing that he did not sustain any actual injury until that date. We disagree. Sinnott was injured on August 5, 1983, when he paid money he did not owe into the escrow account. He was injured again when he incurred costs and attorney fees in attempting to recoup those funds. That he might have been able to recoup the funds would be relevant to the issue of amount of damages, but not to the issue of injury. Although we have found no case which has considered whether an attempt to seek relief in the trial court (such as an attempt to obtain a corrected judgment) tolls the limitations period, it is well settled that the attempt to obtain relief in the appellate courts does not. The reason for this is straightforward. That an appeal has been taken does not alter the fact that an adverse judgment injured the client. If that adverse judgment resulted

---

[2]Safine argues he did not act negligently. The court, on substantial evidence, concluded otherwise.

from attorney negligence, the plaintiff was injured by the attorney negligence whether or not a reviewing court reverses the judgment. As held by the Supreme Court in the recent case of *Laird* v. *Blacker* (1992) 2 Cal.4th 606, 614 [7 Cal.Rptr.2d 550, 828 P.2d 691]: "We disagree with plaintiff that actual injury should be defined in terms of monetary amount and that a successful appeal negates the client's ability to file a malpractice action. To the contrary, although appellate review may correct judicial error, and thus reduce the client's damages, an appeal does not necessarily exonerate the attorney, nor does it extinguish the client's action against him for negligence in the conduct of trial." Even if the corrected judgment had been affirmed in the present case, Sinnott would have been deprived of the use of his money for a period of time, and would have incurred costs in obtaining and protecting that judgment—costs which he would not have incurred if the original judgment had been correct.

Sinnott attempts to distinguish *Laird* v. *Blacker* and similar cases on the grounds that in those cases the client was attempting to appeal an adverse judgment, while in the present case the corrected judgment favored him. The point, again, is not whether the client ultimately is able to obtain relief. Rather, the point is that the attorney's negligence placed the client in a position where he found it necessary to seek relief, whether through application to the trial court, as here, or through an appeal. That the client was able to obtain temporary or permanent relief from the adverse judgment resulting from attorney negligence may affect the amount of damages, but it does not negate the fact of injury.

It follows that the trial court erred in determining that Sinnott's claim for attorney negligence was not time-barred. ▓▓ It does not follow, however, that Sinnott was entirely without recourse. Code of Civil Procedure section 431.70 provides: "Where cross-demands for money have existed between persons at any point in time when neither demand was barred by the statute of limitations, and an action is thereafter commenced by one such person, the other person may assert in the answer the defense of payment in that the two demands are compensated so far as they equal each other, notwithstanding that an independent action asserting the person's claim would at the time of filing the answer be barred by the statute of limitations. If the cross-demand would otherwise be barred by the statute of limitations, the relief accorded under this section shall not exceed the value of the relief granted to the other party." Here, Sinnott's answer included the affirmative defense that Safine was indebted to Sinnott. We have concluded that Sinnott's claim was mature as of August 8, 1983. Accordingly, Sinnott's claim and Safine's claim coexisted at a point in time when neither was barred by the statute of limitations. The trial court determined the value of Sinnott's claim to be

greater than that of Safine's claim. Under section 431.70, although Sinnott could not maintain an independent action to recover his money damages from Safine, he was and is entitled to have Safine's claim against him offset by his claim against Safine. In conclusion, Sinnott is not entitled to recover anything from Safine, and Safine is not entitled to recover anything from Sinnott.

The judgment is modified to provide that Safine take nothing by his complaint and Sinnott take nothing by his cross-complaint. The parties will bear their own costs of suit and costs on appeal.

Strankman, P. J., and Dossee, J., concurred.