[No. F021721. Fifth Dist. Jan. 23, 1996.]

RONALD D. FANTAZIA, Plaintiff and Appellant, v.
COUNTY OF STANISLAUS et al., Defendants and Respondents.

[Opinion certified for partial publication.*]

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts I., II.B.1., II.C., III., and IV.

**COUNSEL**

Douglas B. Cone for Plaintiff and Appellant.

Curtis & Arata and Marie Sovey Silveira for Defendants and Respondents.

**OPINION**

**DIBIASO, J.**—In the published portion of this opinion we hold that in an action for legal malpractice arising out of an attorney's representation of a defendant in a criminal case, the plaintiff sustains "actual injury" under Code of Civil Procedure[1] section 340.6, subdivision (a)(1), at the latest on the date when his or her sentence to state prison in the underlying criminal case is

---

[1]All statutory references are to the Code of Civil Procedure unless otherwise stated.

ordered executed. We will ultimately affirm the trial court's order granting summary judgment in favor of defendants and respondents.

## PROCEDURAL HISTORY

On June 24, 1991, appellant Ronald D. Fantazia filed a complaint against respondents County of Stanislaus, the Stanislaus County Public Defender, Deputy Public Defender Fred Small, and various Does. The complaint sought general and special damages based on alleged legal malpractice. Respondents answered with a general denial and a multitude of affirmative defenses.

On February 4, 1994, respondents successfully moved for summary judgment on the grounds appellant failed to timely comply with the claim requirements of the Tort Claims Act (Gov. Code, § 810 et seq.), or to file suit within the period prescribed by section 340.6. Judgment in favor of respondents was entered on May 13, 1994.

## FACTS

On or about April 12, 1988, a six-count information was filed in Stanislaus County Superior Court case No. 231754 (People v. Fantazia (Super. Ct. Stanislaus County)). It charged appellant with committing various sexual offenses against a child. A number of enhancements were also alleged.[2] The Stanislaus County Public Defender's office was subsequently appointed to represent appellant. On September 12, 1988, the case proceeded to jury trial with Deputy Public Defender Small appearing for appellant. On September 16, appellant was convicted on all counts and the enhancement allegations were found to be true.

On or about October 14, 1988, appellant substituted private counsel, Robert Orenstein, in place of the public defender's office. On December 21, 1988, Orenstein filed a motion for new trial on appellant's behalf. The motion asserted that Small's representation of appellant had been inadequate because Small failed to (1) adequately investigate the case, (2) present certain witnesses and other evidence, and (3) object to the admissibility of certain evidence. Following an evidentiary hearing, the new trial motion was denied. On December 29, 1988, appellant was sentenced to 27 years in prison. At the conclusion of the sentencing hearing, appellant was remanded

---

[2]Pursuant to Evidence Code sections 452, subdivision (d), and 459, subdivision (a), we take judicial notice of our records in the cases of *People* v. *Fantazia* (Mar. 12, 1990) F011788 (nonpub. opn.) and *In re Fantazia* (Mar. 12, 1990) F012498 (nonpub. opn.).

to the custody of the sheriff for delivery to the California Department of Corrections. So far as the instant record shows, appellant remained in custody until sometime after September 28, 1990, when he was granted bail pending further appeal.

On February 22, 1989, appellant filed a timely notice of appeal with this court in the criminal case (F011788). On July 31, 1989, appellant filed a petition for writ of habeas corpus (F012498). In both proceedings, appellant maintained he had been denied effective assistance of counsel. In an unpublished opinion filed March 12, 1990, this court consolidated the two cases, affirmed the judgment, and denied the writ petition.

On May 31, 1990, the California Supreme Court granted appellant's petition for review in case No. F012498 and ordered the Director of Corrections to show cause before the Superior Court of Stanislaus County "why it is not reasonably probable a more favorable result would have been reached in the absence of trial counsel's failure to investigate or to call witnesses." On September 28, 1990, following an evidentiary hearing, the superior court found the People had failed to carry their burden, and remanded the matter to the Supreme Court. The Supreme Court thereafter directed the superior court to grant appellant a new trial. On December 7, 1990, the People moved for a dismissal of all charges because the alleged victim and his family did not wish to participate in a second trial. The People's motion was granted and appellant was ordered discharged.

On March 19, 1991, appellant presented a claim for damages for legal malpractice to the Stanislaus County Board of Supervisors. The claim stated in pertinent part: "(1) The cause of action giving rise to this claim accrued, within the meaning of Government Code § 910, on December 7, 1990, in Modesto, California, when the Superior Court of California, County of Stanislaus, entered its Order finding that the Claimant was deprived of effective counsel at his trial in the case of *People* v. *Ronald Delbert Fantazia*, Case Number 231754, and dismissed the case upon the motion of the People."

By letter dated March 25, 1991, the board of supervisors rejected appellant's claim. A portion of the letter read:

"NOTICE IS HEREBY GIVEN that the claim which you presented to the Board of Supervisors of the County of Stanislaus, State of California, on March 19, 1991, was rejected on March 21, 1991.

"Warning

"Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim. (See Government Code Section 945.6.)"

## Discussion

The principal issue presented by this appeal is whether the statute of limitations on appellant's cause of action for legal malpractice commenced to run, at the latest, on December 29, 1988, the date when appellant was sentenced in the criminal case, or instead on December 7, 1990, when the charges against him were dismissed. If the latter, then the summary judgment was erroneously granted because appellant's claim and complaint were timely. If the former, then summary judgment was proper unless respondents waived their right to assert the claim was late.

I. *Standard of Review**

. . . . . . . . . . . . . . . . . . . . . . . . . . .

II. *Timely Presentation of Claim*

A. *Introduction*

■ No suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented by the Tort Claims Act unless the plaintiff has filed a timely claim in accord with the provisions of the Tort Claims Act and such claim has been acted upon or deemed rejected by the public entity. (Gov. Code, § 945.4; *Adler v. Los Angeles Unified School Dist.* (1979) 98 Cal.App.3d 280, 285-286 [159 Cal.Rptr. 528].) The Tort Claims Act applies to actions for legal malpractice brought against the office of a public defender. (Gov. Code, § 811.2; *Briggs v. Lawrence* (1991) 230 Cal.App.3d 605, 618 [281 Cal.Rptr. 578]; *Moyer v. Hook* (1970) 10 Cal.App.3d 491, 492 [89 Cal.Rptr. 234].)

Government Code section 911.2 provides that a claim "relating to a cause of action for death or for injury to person or to personal property or growing crops shall be presented" not later than six months after accrual of the cause of action, while a "claim relating to any other cause of action shall be presented" not later than one year after accrual. "[T]he date of the accrual of

*See footnote, *ante*, page 1444.

a cause of action to which a claim relates is the date upon which the cause of action would be deemed to have accrued within the meaning of the statute of limitations which would be applicable thereto if there were no [claim] requirement." (Gov. Code, § 901.)

## B. *Section 340.6*

The statute of limitations which governs actions for legal malpractice is section 340.6. It reads in relevant part:

"(a) An action against an attorney for a wrongful act or omission, other than for actual fraud, arising in the performance of professional services shall be commenced within one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission, or four years from the date of the wrongful act or omission, whichever occurs first. In no event shall the time for commencement of legal action exceed four years except that the period shall be tolled during the time that any of the following exist:

"(1) The plaintiff has not sustained actual injury;

". . . . . . . . . . . . . . . . . . . . . . . . .

"(4) The plaintiff is under a legal or physical disability which restricts the plaintiff's ability to commence legal action."

■ Under this statute, a cause of action accrues when the client discovers, or should discover, "the facts constituting the wrongful act or omission," but the limitations period is tolled until the client suffers "actual injury" from the malpractice. (§ 340.6; *ITT Small Business Finance Corp.* v. *Niles* (1994) 9 Cal.4th 245, 250 [36 Cal.Rptr.2d 552, 885 P.2d 965].) "Thus, discovery of the facts essential to the malpractice claim *and* the suffering of actual harm from the malpractice establish a cause of action and begin the running of the statute of limitations" embodied in section 340.6. (*ITT Small Business Finance Corp.* v. *Niles, supra,* 9 Cal.4th at p. 250; see also *Neel* v. *Magana, Olney, Levy, Cathcart & Gelfand* (1971) 6 Cal.3d 176, 194 [98 Cal.Rptr. 837, 491 P.2d 421].)[3]

---

[3]The date when a plaintiff suffers actual damage is usually a question of fact. In some instances, however, a court can conclude, as a matter of law, that there is no triable issue of fact about when the client sustained such damage. (*International Engine Parts, Inc.* v. *Feddersen & Co.* (1995) 9 Cal.4th 606, 611-612 [38 Cal.Rptr.2d 150, 888 P.2d 1279]; *Budd* v. *Nixen* (1971) 6 Cal.3d 195, 202 [98 Cal.Rptr. 849, 491 P.2d 433].) This is such a case.

### 1. *Discovery*\*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### 2. *Actual Damage*

 Appellant contends the section 340.6 limitations period was tolled under subdivision (a)(1) of the statute until December 7, 1990, because he did not know whether his counsel's inadequate representation was "harmless" prior to the dismissal of the charges against him. As we will explain, we conclude the record establishes as a matter of law that appellant suffered "actual injury" no later than December 29, 1988.[5]

 In *Laird* v. *Blacker* (1992) 2 Cal.4th 606 [7 Cal.Rptr.2d 550, 828 P.2d 691], the Supreme Court applied section 340.6 to an action founded upon the attorney's alleged deficient representation of the malpractice plaintiff in a civil lawsuit which resulted in the entry of a judgment adverse to the malpractice plaintiff. At issue was whether a plaintiff incurred "actual injury" for purposes of section 340.6, subdivision (a)(1) when judgment against the plaintiff was entered in the action in which the deficient representation was rendered, or instead when the plaintiff's appeal from that judgment became final. (*Laird, supra,* at p. 609.)

The Supreme Court held that "actual injury" occurred upon entry of the underlying adverse judgment or order of dismissal. (*Laird* v. *Blacker, supra,* 2 Cal.4th at p. 615; see also *ITT Small Business Finance Corp.* v. *Niles, supra,* 9 Cal.4th at p. 250.) The rationale for this decision was twofold. First, the court relied upon the complete absence of case law support for the proposition that the statute of limitations for a cause of action for legal malpractice is tolled upon filing an appeal from the underlying judgment. (*Laird* v. *Blacker, supra,* 2 Cal.4th at p. 615.) In this connection, the Supreme Court reviewed several earlier opinions and concluded that ". . . the focus of section 340.6 is on *discovery* of the malpractice and actual injury, not success on appeal . . . . For example, in order to prosecute a malpractice action, the former client as plaintiff must show a breach of the attorney's duty of care and that the breach caused the plaintiff harm. To establish this harm or damage, the client must prove that careful management of the underlying action would have resulted in a favorable judgment

---

\*See footnote, *ante*, page 1444.

[5]We assume, but do not decide, that the date upon which a cause of action for legal malpractice is deemed to accrue for purposes of the application of Government Code section 901 is the date when the limitations period of section 340.6 begins to run—that is, when the plaintiff has both discovered the essential facts and suffered actual injury. (*ITT Small Business Finance Corp.* v. *Niles, supra,* 9 Cal.4th at p. 250.)

and the collection thereof, or, if the client were defending, that the proper handling of the case would have resulted in a defense verdict." (*Laird, supra*, at p. 614.)

The Supreme Court emphasized that it is the "*fact* that damage occurred," and not the precise quantification of the amount or extent of the damage, which constitutes "actual injury" under section 340.6, subdivision (a)(1). (*Laird* v. *Blacker, supra*, 2 Cal.4th at p. 613.) It therefore disapproved a number of cases which had held that "actual injury" was not present until the attorney's alleged error became "irremediable," a concept rejected by the Legislature when it adopted section 340.6. (*Laird, supra*, at p. 617.)

Second, the Supreme Court relied upon the language of the statute and its corresponding legislative history, which reflected a clear intent "to disallow tolling under any circumstances not enumerated in [section 340.6, subdivision (a)]." (*Laird* v. *Blacker, supra*, 2 Cal.4th at p. 618.) On this point, the court said: "Section 340.6 and its legislative history make clear that once a client has been injured by an adverse judgment, the limitations period commences and is not tolled by filing an appeal absent continuous representation by the trial attorney. [Citation.] This 'continuous representation' rule was adopted in order to 'avoid the disruption of an attorney-client relationship by a lawsuit while enabling the attorney to correct or minimize an apparent error, and to prevent an attorney from defeating a malpractice cause of action by continuing to represent the client until the statutory period has expired.' [Citation.] Thus, the Legislature, by creating a limited exception for cases involving continuous representation, clearly intended the limitations period should not be extended beyond final judgment when continuous representation was not an issue." (*Laird, supra*, at p. 618.)

The holding in *Laird* is retroactive. (*Laird* v. *Blacker, supra*, 2 Cal.4th at p. 620.)

 Even though *Laird* addressed legal malpractice arising out of a civil action, we believe it compels a conclusion in the instant case that the limitations period of section 340.6 commenced to run at the latest on the date when appellant's sentence to prison in the underlying case was executed.[6]

Although a judgment in a criminal action has only limited direct impact upon a defendant's economic or property interests (unlike the effect of most

---

[6]We do not address the question whether the relevant limitations period could have begun to run at an earlier date. (See *Adams* v. *Paul* (1995) 11 Cal.4th 583, 591, fn. 4 [46 Cal.Rptr.2d 594, 904 P.2d 1205].)

judgments in civil actions), this does not mean appellant sustained no "actual harm" by reason of the judgment which followed his conviction on the several criminal charges. To the contrary, appellant's loss of personal liberty constituted a "manifest and palpable" injury in fact that was neither speculative nor unrealized. (*Adams* v. *Paul, supra,* 11 Cal.4th 583, 589; Rest.2d Torts, § 7, subd. (1), p. 12 [defining "injury" as "the invasion of any legally protected interest of another."]; see also *Goebel* v. *Lauderdale* (1989) 214 Cal.App.3d 1502, 1507 [263 Cal.Rptr. 275] [cause of action for attorney malpractice accrues when client convicted of crime; opinion applied "irremediable harm" rule rejected by *Laird.*]; cf. *In re Easterbrook* (1988) 200 Cal.App.3d 1541, 1544 [244 Cal.Rptr. 652] [disapproved on other grounds in *People* v. *Romero* (1994) 8 Cal.4th 728, 744, fn. 10 (35 Cal.Rptr.2d 270, 883 P.2d 388)].)[7] Such a loss would support an award of more than nominal monetary damages in a meritorious action for legal malpractice. (See *Martin* v. *Hall* (1971) 20 Cal.App.3d 414, 417 [97 Cal.Rptr. 730, 53 A.L.R.3d 719] [legal malpractice plaintiff imprisoned for four years; jury awarded $20,000 as damages]; *Holliday* v. *Jones* (1989) 215 Cal.App.3d 102, 112 [264 Cal.Rptr. 448]; see generally, 2 Mallen & Smith, Legal Malpractice (3d ed. 1989) § 21.14, pp. 325-326.)

This case thus does not present a situation where the *existence* of actual loss or harm—that is, the *fact* of damage as opposed to its extent, amount or value—can be determined only by the entry of a final judgment upon conclusion of an appeal or by the outcome of some other proceeding. (See *Adams* v. *Paul, supra,* 11 Cal.4th at p. 591; *Walker* v. *Pacific Indemnity Co.* (1960) 183 Cal.App.2d 513, 517 [6 Cal.Rptr. 924]; contrast *ITT Small Business Finance Corp.* v. *Niles, supra,* 9 Cal.4th 245, with *Laird* v. *Blacker, supra,* 2 Cal.4th 606.) Appellant's incarceration did " 'not disappear . . . because a more final adjudication of the result [of the criminal trial was] sought.' " (*Laird* v. *Blacker, supra,* 2 Cal.4th at p. 615.) Reversal of the convictions and the dismissal of the criminal prosecution against appellant did not and could not "undo" appellant's nearly two-year loss of freedom. (See *Laird,* at pp. 614-615; *Worton* v. *Worton* (1991) 234 Cal.App.3d 1638, 1652 [286 Cal.Rptr. 410] [appeal in civil action does not remedy or reverse harm client sustained on entry of judgment].) Appellant's successful appeal and the subsequent dismissal of the charges at best affected the nature and quantity of *proof* available to appellant for purposes of his malpractice action, as well as the extent and duration of the injury for which he was entitled to seek compensation. (See *Safine* v. *Sinnott* (1993) 15 Cal.App.4th 614, 617 [19 Cal.Rptr.2d 52].)

---

[7]Included in appellant's complaint for malpractice is the allegation that as a "direct and proximate result" of the malpractice, appellant was "imprisoned with his fundamental liberty interest wrongfully and continuously violated for a period of nearly two (2) years. . . ."

While it may be that "certain difficulties" will be encountered in attempting to "fit criminal malpractice litigation into substantive and procedural molds designed for" civil cases (Kaus & Mallen, *The Misguiding Hand of Counsel—Reflections on "Criminal Malpractice"* (1974) 21 UCLA L.Rev. 1191, 1231), we do not find this case to be one where a "departure from standards evolved in civil malpractice" is in order. (*Id.* at p. 1193.) ▮ A cause of action for legal negligence committed during a criminal proceeding, no less than a cause of action for legal negligence committed during a civil proceeding, is concerned with the "attorney's *conduct* in the underlying case," not with the outcome of a later appellate remedy. (*Laird* v. *Blacker*, *supra*, 2 Cal.4th at p. 615.)

▮ Furthermore, that a new trial was ordered solely on grounds of incompetent representation did not assure appellant of a favorable judgment in his malpractice action. The failure of appellant's criminal trial attorney to adequately investigate the case, or call certain allegedly favorable witnesses, may have justified the new trial order under settled principles of criminal law, but it did not require the prosecution of appellant to be dismissed or establish there was insufficient evidence to support a guilty verdict as to one or more of the charged offenses. It may be that a full investigation would have turned up nothing of value to the defense, or that the witnesses, even if called, would not have been found credible by the trier of fact. (See *In re Saunders* (1970) 2 Cal.3d 1033, 1049 [88 Cal.Rptr. 633, 472 P.2d 921]; *Bledstein* v. *Superior Court* (1984) 162 Cal.App.3d 152, 173 [208 Cal.Rptr. 428]; Kaus & Mallen, *The Misguiding Hand of Counsel—Reflections on "Criminal Malpractice,"* *supra*, 21 UCLA L.Rev. 1191, 1198, fn. 16.) Thus, in order to recover damages in his malpractice action, appellant would still have been compelled to prove the result of the criminal trial would have been completely in his favor had his trial counsel fully investigated the case and called the witnesses appellant claimed should have been called. (See *Laird* v. *Blacker*, *supra*, 2 Cal.4th at p. 614.)[8] In other words, contrary to the position taken by appellant, a proximate causal link between the malpractice and appellant's injury was not established as a matter of law by virtue of the new trial order and subsequent dismissal of the charges.

We recognize our holding may require a criminal malpractice plaintiff to conduct a "trial within a trial" in order to prove his or her malpractice cause of action. Such an obligation is "standard fare" in civil malpractice litigation

---

[8] We take no position about whether factual innocence of the charges is an element of, or even relevant to, a cause of action for malpractice based upon an attorney's representation of the plaintiff in a criminal proceeding. (See 2 Mallen & Smith, Legal Malpractice, *supra*, § 21.3, pp. 288-290.)

(Kaus & Mallen, *The Misguiding Hand of Counsel—Reflections on "Criminal Malpractice*," *supra*, 21 UCLA L.Rev. 1191, 1201-1202); the holding in *Laird* will in many instances mandate some sort of a "trial within a trial" in malpractice actions arising out of alleged negligent representation by counsel in civil proceedings. We perceive no reason to believe the burden should not or cannot also be a part of criminal malpractice litigation. (See *Martin* v. *Hall*, *supra*, 20 Cal.App.3d at p. 420.)

In any event, even if we were to decide the statute of limitations was tolled until the date the criminal prosecution of appellant was dismissed, a "trial within a trial" in appellant's malpractice action would not be obviated. As we explained above, appellant could not simply rest upon a posttrial determination of attorney incompetence; in order to recover tort damages, appellant would still be required to prove that the facts uncovered after an adequate investigation, or the presentation at trial of one or more of the potential witnesses identified by appellant, would have resulted in a judgment in the criminal trial favorable to appellant. (*Laird* v. *Blacker*, *supra*, 2 Cal.4th at p. 614 ["To establish . . . harm or damage, the client must prove that careful management of the underlying action would have resulted in . . . , if the client were defending, . . . a defense verdict."]; see also *Bledstein* v. *Superior Court*, *supra*, 162 Cal.App.3d at p. 173.)

We find nothing in section 340.6 or its legislative history, or in *Laird*, which supports a conclusion the statute has a different application or effect in malpractice actions arising out of criminal litigation than it has in malpractice actions arising out of civil litigation. The statute is "clear on its face" and the Legislature has "intended that 'in no event' should the limitations period be tolled except as stated in the statute." (*Laird* v. *Blacker*, *supra*, 2 Cal.4th at pp. 620-621.) Whatever concerns may exist about the bringing of precipitate malpractice actions by criminal defendants or the risk of inconsistent outcomes, they "can be readily overcome under existing law." (*Adams* v. *Paul*, *supra*, 11 Cal.4th at pp. 592-593.) For example, the malpractice action may be stayed pending the finality of the underlying criminal proceeding. (See *Adams* v. *Paul*, *supra*, 11 Cal.4th at p. 593.)

C. *Other Tolling Provisions**

. . . . . . . . . . . . . . . . . . . . . . . . . . .

III., IV.*

. . . . . . . . . . . . . . . . . . . . . . . . . . .

*See footnote, *ante*, page 1444.

## V. *Conclusion*

The undisputed facts relevant to the motion for summary judgment establish as a matter of law that (1) appellant's claim was not presented until more than two years after December 29, 1988, the date when the statute of limitations applicable to appellant's cause of action for legal malpractice commenced to run; (2) the running of the period within which the claim was required to be presented was not statutorily or equitably tolled after December 29, 1988; and, (3) respondents did not waive the defense that appellant's claim was not timely under Government Code section 911.2. Summary judgment was therefore properly entered in favor of respondents. (See *Adams* v. *Paul*, *supra*, 11 Cal.4th at p. 589; *International Engine Parts, Inc.* v. *Feddersen & Co.*, *supra*, 9 Cal.4th at pp. 611-612.)

### DISPOSITION

The judgment is affirmed. Respondents shall recover their costs on appeal.

Ardaiz, P. J., and Thaxter, J., concurred.