[No. B135467. Second Dist., Div. Six. Mar. 5, 2001.]

JOHN ROBIN CARLSON, Plaintiff and Appellant, v.
JAMES E. BLATT et al., Defendants and Respondents.

**COUNSEL**

Mardirossian & Associates, Garo Maardirossian, Joseph Martin Barrett and Donald Conway for Plaintiff and Appellant.

Brandon & Hilton, Christopher Brizzolara, David L. Brandon and Susan M. Hilton for Defendants and Respondents.

**OPINION**

**YEGAN, Acting P. J.**—In this action for legal malpractice, John Robin Carlson appeals from the summary judgment granted in favor of Attorney

James E. Blatt and James E. Blatt, a professional corporation (Blatt). (Code Civ. Proc., § 437c, subd. (c).)[1] Carlson claims that he was wrongfully convicted of 13 felony counts in 1988 because of Blatt's professional negligence. We conclude that the action is time-barred and affirm the summary judgment. (§§ 340.6, subd. (a), 352.1.)

## Factual and Procedural History

In 1988, appellant was convicted by jury of five counts of corporal injury to a child (hereafter the child counts) and thirteen counts of corporal injury to a spouse, assault with a firearm, sexual battery, spousal rape, sodomy by force, and forcible oral copulation (hereafter the spouse counts). (*People v. Carlson* (Super. Ct. L.A. County, 1988, No. A575276).) Appellant discharged Blatt and moved for new trial on the ground that he was denied effective assistance of counsel. On April 14, 1989, the trial court denied the motion and sentenced appellant to 26 years in state prison.

The judgment was affirmed by the Court of Appeal in an unpublished opinion. (*People v. Carlson* (Aug. 26, 1991, B042493).) Appellant filed several writ petitions which were denied by the trial court, the Court of Appeal, and the California Supreme Court.

In November 1995, he petitioned a federal court for habeas corpus relief. (*Carlson v. Ratelle* (C.D. Cal., No. 94-2096 LGB).) Based on a federal magistrate's report, the United States District Court found that appellant was denied effective assistance of counsel and reversed the convictions on the spouse counts only. Thereafter, the district attorney declined to retry appellant on those counts. Appellant was released from custody, having already served the maximum sentence on the child counts.

On May 6, 1997, appellant filed suit for professional negligence. Blatt moved for summary judgment on two theories: collateral estoppel and statute of limitations. Relying on *Weiner v. Mitchell, Silberberg & Knupp* (1980) 114 Cal.App.3d 39 [170 Cal.Rptr. 533], the trial court ruled that appellant was collaterally estopped by the extant "child counts."

## Discussion

█ In this emerging area of the law (see *Wiley v. County of San Diego* (1998) 19 Cal.4th 532, 547 [79 Cal.Rptr.2d 672, 966 P.2d 983] (conc. opn. of Werdegar, J.)), we exercise judicial restraint. We do not reach the merits of the collateral estoppel contention. Instead we decide the appeal on the

---

[1]All statutory references are to the Code of Civil Procedure.

alternate theory rejected by the trial court, i.e., the statute of limitations. Because the order granting summary judgment is subject to de novo review, we are not bound by the trial court's ruling that the statute of limitations was tolled. (*Paz v. State of California* (2000) 22 Cal.4th 550, 557 [93 Cal.Rptr.2d 703, 994 P.2d 975].)

Although the Supreme Court in *Wiley* did not decide whether postconviction relief is a prerequisite to a criminal malpractice action, it did acknowledge that such a requirement "has significant implications . . . for determining statute of limitations and collateral estoppel issues." (*Wiley v. County of San Diego, supra*, 19 Cal.4th at p. 537, fn. 2.)

Here, the one-year statute of limitations for professional negligence commenced on April 14, 1989, the date appellant was sentenced. (§ 340.6, subd. (a)(1); *Fantazia v. County of Stanislaus* (1996) 41 Cal.App.4th 1444, 1451-1453 [49 Cal.Rptr.2d 177].) Appellant filed suit May 6, 1997, eight years later. The criminal appeal and habeas corpus petitions did not toll the statute of limitations. (*Id.*, at p. 1454; *Laird v. Blacker* (1992) 2 Cal.4th 606, 618 [7 Cal.Rptr.2d 550, 828 P.2d 691].)

Appellant argues that the statute of limitations was tolled until 1996 based on theory that his imprisonment resulted in a legal "disability." (§ 340.6, subd. (a)(4).) Former section 352, subdivision (a)(3) provided that the statute of limitations was tolled if plaintiff, at the time of accrual of the claim, was "[i]mprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life . . . ."

Effective January 1, 1995, the Legislature amended section 352 to delete the tolling provision and added section 352.1 to limit the tolling period to two years. (§ 352, as amended by Stats. 1994, ch. 1083, § 1, p. 6465.) Section 352.1 provides in pertinent part: "(a) If a person entitled to bring an action . . . is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, *not to exceed two years.*" (Italics added.)

The Legislature, in enacting section 352.1, declared that it "intends to limit the ability to bring lawsuits by prisoners when the facts that give rise to the lawsuit are old, and difficult to prove or disprove." (§ 352.1, as amended by Stats. 1994, ch. 1083, § 1, p. 6465.) A March 15, 1994 report to the State Senate Judiciary Committee states: "Upon enactment, SB 1445 would bar any personal injury suit which was not brought within one year of the injury.

This 'springing' of the statute of limitations could operate to bar a valid suit which the inmate intended to pursue upon his release. Suppose, for example, an inmate is involved in a car accident one week before he is sentenced to prison for 4 years. With work credits, he can expect his release in 2 years. Under existing law, he has 51 weeks after his release to file the claim. Under SB 1445, he has 1 year from the accident to file his claim even though he is imprisoned. If the accident happened in December, 1993, and SN 1445 became law on January, 1995, his cause of action would be cut off."

Appellant argues that section 352.1 does not apply to tort actions accruing before the January 1, 1995 operative date. We disagree. ▮▮▮ It is well settled "that retrospective application of a shortened limitations period is permissible provided the party has a reasonable time to avail himself of his remedy before the statute cuts off his right. [Citations.]" (*Aronson v. Superior Court* (1987) 191 Cal.App.3d 294, 297 [236 Cal.Rptr. 347].)

▮▮▮ Although the California Supreme Court has not specifically ruled on the retroactivity of section 352.1, federal courts have held that section 352.1 applies to tort actions accruing before January 1, 1995. (*Johnson v. State of Cal.* (9th Cir. 2000) 207 F.3d 650, 654; *Fink v. Shedler* (9th Cir. 1999) 192 F.3d 911, 916.) "[C]laims . . . that accrued before January 1, 1995 are tolled for two years from accrual, or until January 1, 1995, whichever occurs later, as long as such an application does not result in manifest injustice. [Citations.] . . . [T]his interpretation implements the California Legislature's intent to 'limit the ability to bring lawsuits by prisoners when the facts that give rise to the lawsuits are old, and difficult to prove or disprove,' [citation]." (*Fink*, at p. 916.))

We adopt the same statutory construction. The one-year statute of limitations was tolled from April 14, 1989 (date of sentencing) to January 1, 1995, the effective date of section 352.1. Appellant had one year, until January 1, 1996, to file the malpractice action. He waited until May 6, 1997, more than two years after the effective date of section 352.1, to file suit.

The argument that section 352.1 violates appellant's due process rights is without merit. (*Aronson v. Superior Court, supra,* 191 Cal.App.3d at p. 297; *Rosefield Packing Co. v. Superior Court* (1935) 4 Cal.2d 120, 122-123 [47 P.2d 716]; 3 Witkin, Cal. Procedure (4th ed. 1996) Actions, § 432, pp. 540-541.) ▮▮▮ "A party does not have a vested right in the time for the commencement of an action. [Citation.] Nor does he have a vested right in the running of the statute of limitations prior to its expiration. [Citations.] A change in the statute of limitations merely effects a change in procedure and

the Legislature may shorten the period, however, a reasonable time must be permitted for a party affected to avail himself of the remedy before the statute takes effect. [Citations.]" (*Liptak v. Diane Apartments, Inc.* (1980) 109 Cal.App.3d 762, 773 [167 Cal.Rptr. 440], fn. omitted.)

 Appellant was represented by counsel and had constructive notice of section 352.1 when it was enacted. There are no material triable facts that appellant lacked a reasonable opportunity to timely file suit after section 352.1 was enacted.

The summary judgment is affirmed. Blatt is awarded costs on appeal.

Coffee, J., and Perren, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 11, 2001.