MEMORANDUM **
Russel Harvey appeals pro se from the district court’s judgment in his 42 U.S.C. § 1983 action alleging misconduct by defendants concerning his previous criminal conviction. We have jurisdiction under 28 U.S.C. § 1291. We review de novo dismissal for failure to state a claim, Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 973 (9th Cir.2004), and summary judgment, Morrison v. Hall, 261 F.3d 896, 900 (9th Cir.2001), and we affirm.
The district court properly dismissed the claim against defendant Deputy Public Defender Patricia Brown as barred by the statute of limitations. See Cal. Civ. P.Code § 340.6 (limiting filing time to either one year from the date of discovery of the negligent act or four years from the date of the wrongful act, whichever occurs first); Carlson v. Blatt, 87 Cal.App.4th 646, 105 Cal.Rptr.2d 42, 44 (2001) (commencing statute of limitations at the time of sentencing).
The district court properly granted summary judgment to Los Angeles County because Harvey failed to present evidence that the County had a policy or practice which led to a violation of his constitutional rights. See City of Canton, Ohio v. Harris, 489 U.S. 378, 391, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989) (“That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city, for the officer’s shortcomings may have resulted from factors other than a faulty training program.”). Further, Harvey failed to show that defendant Los Angeles County Public Defender Mike Judge was personally involved in violating his rights. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989) (“Liability under section 1983 arises only upon a showing of personal participation by the defendant.”); see also Bank Melli Iran v. Pahlavi, 58 F.3d 1406, 1412 (9th Cir.1995) (stating that a declaration based on “information and belief’ is not entitled to any weight because the declarant did not have personal knowledge).
The district court properly granted summary judgment on Harvey’s claims against defendant Deputy City Attorney Wegener because his conduct was closely associated with the judicial process and he therefore had prosecutorial immunity. See Milstein v. Cooley, 257 F.3d 1004, 1008 (9th Cir.2001) (holding that prosecutors are entitled to absolute immunity from a civil suit for damages under section 1983 in initiating and prosecuting the State’s case).
The district court did not abuse its discretion by denying Harvey’s discovery request after Harvey failed to pursue previous discovery opportunities and show how additional discovery could have precluded summary judgment. See Family Home and Fin. Ctr., Inc. v. Fed. Home Loan *635 Mortg. Corp., 525 F.3d 822, 827-28 (9th Cir.2008).
Harvey’s remaining contentions are unpersuasive.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.