Filed 10/16/23  Zhang v. Escovar CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| JEFF BAOLIANG ZHANG, | B325735 |
| Plaintiff and Appellant, | |
| v. | (Los Angeles County Super. Ct. No. 21STCV27602) |
| STEVE ESCOVAR, | |
| Defendant and Respondent. | |

APPEAL from orders of the Superior Court of Los Angeles County, Maurice Leiter, Judge.  Affirmed.

Jeff Baoliang Zhang, pro per, for Plaintiff and Appellant.

Nemecek & Cole, Kenny C. Brooks and Daniel L. Reback, for Defendant and Respondent.

———————————————

In September 2015, appellant Jeff Baoliang Zhang, while represented by respondent Steve Escovar, pleaded no contest to felony assault after admittedly firing a gun at the Chinese consulate building. In October 2015, Zhang was sentenced to nine years in state prison, and respondent's representation came to an end. In July 2021, Zhang sued respondent for breach of contract and related torts arising from respondent's representation of Zhang.

The trial court sustained a demurrer to the complaint without leave to amend, ruling all causes of action were barred by the applicable statutes of limitations. The court thereafter entered judgment in favor of respondent. We affirm.

## PROCEDURAL AND FACTUAL SUMMARY

### A. Factual Background[1]

On March 20, 2014, Zhang was charged with two felony counts of assault under Penal Code sections 245(b) and 246. Initially, Zhang was represented by a public defender, but respondent substituted in as private counsel in December 2014. On September 3, 2015, Zhang pleaded no contest to both counts, and the court accepted the plea.[2] On October 8, 2015, Zhang was

---

[1] We grant respondent's motion to augment the record with documents omitted from the clerk's transcript, including the demurrer, judicially noticed documents, and the trial court's rulings. Our summary of facts is derived from the first amended complaint, the operative pleading, and the judicially noticed documents submitted with respondent's demurrer.

[2] The minute orders from the underlying criminal case reflect Zhang also admitted the truth of a firearm use enhancement allegation.

sentenced to a total term of nine years in state prison, and respondent's representation terminated at that time.[3]

At the sentencing hearing, Zhang stated the following: "It is my plea, your honor - - I'm Jeff Zhang. I deeply regret having a serious crime of shooting an inhabited building, namely the Chinese Consulate, December 15th." He further stated, "It was under extreme circumstances that made me protest that day. After they removed my protest sign, I lost my mind and then fired some shot [*sic*] at the closed side door of the consulate. . . . However, due to the ricocheting of the bullet, it hit a rear[-]side window of a booth that stood before the consulate for the gate keeper, so there were broken glasses [*sic*] in the place. I feel very sorry that my shooting caused a lot of panic to the gate keeper[.]" "I'm very sorry, and it was wrong for me to make the shooting with my weapon at the Chinese Consulate in L.A. on December 15th, 2011."

On July 28, 2021, nearly six years after Zhang was sentenced and respondent terminated his representation, Zhang filed a civil complaint against respondent. On March 17, 2022, the court sustained a demurrer with leave to amend, and Zhang thereafter filed his First Amended complaint.

## B.    First Amended Complaint

On April 5, 2022, Zhang filed his First Amended Complaint (FAC), the operative complaint, asserting claims for (1) Breach of

---

[3]    The minute orders reflect Zhang was to receive a 10-year sentence for his plea but was subsequently sentenced to nine years in state prison. Consistent with these minutes, Zhang states in his FAC his plea deal was for a 10-year sentence, but he was sentenced to a term of nine years.

Contract; (2) Intentional Tort; (3) Elder Abuse; (4) "Bill of Rights" violations; and (5) Violations of his civil rights under 42 U.S.C. § 1983.

In support of these claims, Zhang alleged that respondent represented him from November 2014 to October 2015. Zhang asserted that during the course of the representation, respondent began working for Zhang's "opponent" the "Chinese communist government." Respondent allegedly caused an improper mental health evaluation to be performed on Zhang in April and June of 2015. Respondent allegedly told Zhang he would receive 19 years in prison if he proceeded to trial, coerced Zhang into taking a plea deal with a 10-year prison term, and rushed Zhang through the change of plea hearing in September 2015. Respondent further allegedly harmed Zhang by convincing the judge to deny "parole" and sentence Zhang to nine years in prison at Zhang's sentencing hearing on October 8, 2015.

According to Zhang, respondent's misconduct resulted in an excessive prison sentence and caused Zhang, who indicates he is elderly, to suffer beatings from inmates and additional insults as a result of his incarceration status. Zhang sought $200,000,000 in damages and other relief as deemed just.

Although Zhang alleged in his complaint he was innocent of the felony to which he pled and the acts he admitted, he also stated he "did the shooting only at the closed side-door of the empty Chinese consulate building after the consulate staff illegally removed all [his] protest sign[ ]boards to the trashcan . . . ." Zhang further alleged that the incident "was the

4

first time" he "use[d] a firearm in a public place" and he did so "under extreme circumstances."[4]

## C. Demurrer

On May 10, 2022, respondent filed a demurrer, arguing that all five causes of action were time-barred. Respondent further argued that Zhang could not maintain a legal malpractice action arising out of a prior criminal prosecution without first obtaining postconviction relief in the underlying criminal case. In conjunction with the demurrer, respondent requested judicial notice of documents related to Zhang's underlying criminal action.

## D. Trial Court Ruling

On November 4, 2022, the trial court sustained the demurrer to the FAC without leave to amend, ruling all of Zhang's causes of action were time-barred.[5] On December 1, 2022, the court entered judgment in favor of respondent.

## DISCUSSION

## A. Standard of Review

A demurrer tests the legal sufficiency of the factual allegations contained in the operative complaint. "We independently review the superior court's ruling on a demurrer and determine de novo whether the complaint alleges facts

---

[4] In his opening brief on appeal, Zhang similarly admits he "used [his] legal weapon and fired some shots at the closed side-door of the empty consulate building to express [his] strong protest."

[5] The court granted respondent's request for judicial notice as to the existence of the documents submitted.

5

sufficient to state a cause of action or discloses a complete defense." (*Stella v. Asset Management Consultants, Inc.* (2017) 8 Cal.App.5th 181, 190 *(Stella)*; accord, *Ivanoff v. Bank of America, N.A.* (2017) 9 Cal.App.5th 719, 725 (*Ivanoff*).) "We assume the truth of properly pleaded factual allegations, facts that reasonably can be inferred from those expressly pleaded, and matters that are judicially noticeable." (*Genis v. Schainbaum* (2021) 66 Cal.App.5th 1007, 1015; accord, *Ivanoff, supra*, 9 Cal.App.5th at p. 725.) "'A complaint disclosing on its face that the limitations period has expired in connection with one or more counts is subject to demurrer.'" (*Alexander v. Exxon Mobil* (2013) 219 Cal.App.4th 1236, 1250, internal citations omitted.) Moreover, the trial court's judgment must be affirmed "'if any one of the several grounds of demurrer is well taken.'" (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 967.)

Applying these well-established principles, we affirm the trial court's judgment in favor of respondent.

## B.     The Claims Were Properly Dismissed as Time-Barred

A demurrer lies where the dates alleged in the complaint show "clearly and affirmatively" that the action is barred by a statute of limitations. (*Geneva Towers Ltd. Partnership v. City and County of San Francisco* (2003) 29 Cal.4th 769, 781.) The statute of limitations begins to run when the cause of action "accrue[s]." (Code Civ. Proc. § 312.) A cause of action "accrues" when, under the substantive law, the wrongful act is done or the wrongful result occurs, and the consequent liability arises. (*Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 397.)

Here, the causes of action were time-barred under California Code of Civil Procedure sections 340.6 and 338.[6]

### 1. *Section 340.6*

Section 340.6 provides: "An action against an attorney for a wrongful act or omission, other than for actual fraud, arising in the performance of professional services shall be commenced within one year after the plaintiff discovers, or through the use of reasonable diligence discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission, or four years from the date of the wrongful act or omission, whichever occurs first." (§ 340.6.)

The statute of limitations under section 340.6 applies "not only to actions for professional negligence but to any action alleging wrongful conduct, other than actual fraud, arising in the performance of professional services." (*Lee v. Hanley* (2015) 61 Cal.4th 1225, 1236.) As such, section 340.6 applies to those "claims whose merits necessarily depend on proof that an attorney violated a professional obligation in the course of providing professional services." (*Id.* at pp. 1236–1237.) The fact that a complaint alleges something other than professional negligence does not preclude application of section 340.6. (*Ibid*; see *Austin v. Medicis* (2018) 21 Cal.App.5th 577, 587; *Stoll v. Superior Court* (1992) 9 Cal.App.4th 1362, 1366 [section 340.6 sets forth one-year statute of limitations "for *all* legal malpractice save actual fraud"], original italics].)

---

[6] All further statutory refereces are to the Code of Civil Procedure, unless otherwise specified.

7

All of Zhang's claims other than his intentional tort (i.e., fraud) claim are subject to the limitations period provided in section 340.6. The FAC allegations are based on respondent's alleged wrongful acts and omissions in connection with his representation of Zhang in the underlying criminal action. The FAC does not allege any wrongful conduct by respondent outside of this context or independent of that representation.

Zhang acknowledges he was sentenced in October 2015 and that respondent's representation terminated at that time. Further, as Zhang recognizes, the facts giving rise to his complaint were discovered or known by him before the termination of representation. For example, respondent purportedly used coercive tactics to induce Zhang to change his plea in September 2015 and allegedly made statements at the October 2015 sentencing hearing dissuading the court from granting Zhang "parole." Section 352.1, subdivision (a), allows for a maximum tolling of two years if at the time a cause of action accrued, the plaintiff was "imprisoned on a criminal charge." (§ 352.1, subd. (a).) At the time of the events alleged by Zhang, he was housed in county jail, not in prison. (*Austin v. Medicis*, *supra*, 21 Cal.App.5th at p. 597.) However, even assuming section 352.1 subdivision (a) applies, it limits any tolling to a maximum of two years. In other words, even if the statute of limitations was tolled due to Zhang's incarceration, it was only tolled until October 2018. As Zhang's complaint was filed in July 2021, the action was commenced far beyond the applicable statute of limitations period. (*Rose v. Hudson* (2007) 153 Cal.App.4th 641, 657; *Carlson v. Blatt* (2001) 87 Cal.App.4th 646,

649.) Accordingly, all claims, except for actual fraud, were time-barred under section 340.6.[7]

2. *Section 338*

Assuming Zhang's second cause of action for "intentional tort" can be properly construed as an actual fraud claim[8], it is subject to the three-year limitation in section 338. Section 338 provides that "[a]n action for relief on the ground of fraud or mistake" must be commenced "within three years" of "discovery, by the aggrieved party, of the facts constituting the fraud or mistake." (§ 338, subd. (d); *Foxen v. Carpenter* (2016) 6 Cal.App.5th 284, 293–294; *Stueve Bros. Farms, LLC v. Berger Kahn* (2013) 222 Cal.App.4th 303, 322.) However, even with the benefit of section 338, plus the two-year tolling provision of section 352.1, Zhang's action remains untimely. That is, Zhang discovered the alleged wrongs no later than October 2015. Three

---

[7] To the extent Zhang's assertion that respondent "harmed [Zhang] *all the time* in the past decade" is an attempt to invoke the continuous accrual doctrine, that doctrine does not apply here. (See *State of California ex rel. Metz v. CCC Information Services, Inc.* (2007) 149 Cal.App.4th 402, 418 [discussing and explaining continuous accrual rule and circumstances to which it applies]; cf. *Alexander v. Exxon Mobil, supra*, 219 Cal.App.4th at pp. 1250–1251 [explaining when cause of action is deemed to accrue].)

[8] Zhang relies on, and repeats, a portion of the same underlying facts for his intentional tort claim and specifically alleges that respondent's insistence on obtaining mental health evaluations resulted in "false" reports and that respondent "collaborated with his accomplices" in preventing Zhang's self-representation or substitution of counsel. We express no opinion on whether these allegations satisfy the elements of actual fraud but assume so solely for purposes of our discussion.

years after October 2015 was October 2018, and if two years are added due to Zhang's incarceration, the deadline for him to file his complaint was in October 2020. Because Zhang did not commence his action until July 2021, it was properly dismissed as time-barred. (*Foxen v. Carpenter*, *supra*, 6 Cal.App.5th at pp. 294–295.)

## C. The Claims are Also Barred by Zhang's Failure to Obtain Post-Conviction Relief

The California Supreme Court has held that a plaintiff in a legal malpractice action arising out of a prior criminal prosecution, must plead they were "actual[ly] innocen[t]" of the charges alleged against them and that they were exonerated through post-conviction relief. (*Coscia v. McKenna & Cuneo* (2001) 25 Cal.4th 1194, 1199 (*Coscia*); *Wiley v. County of San Diego* (1998) 19 Cal.4th 532, 545.)[9] When it is clear the plaintiff cannot in good faith plead actual innocence or exoneration, dismissal on demurrer is appropriate. (*Genis v. Schainbaum, supra*, 66 Cal.App.5th at p. 1015; *Wilkinson v. Zelen* (2008) 167 Cal.App.4th 37, 49.)

Here, Zhang has not made factual allegations showing actual innocence or exoneration through post-conviction relief and provides no basis to show that he can do so in good faith. The demurrer was therefore properly sustained. (*Genis v.*

---

[9] The California Supreme Court in *Coscia* gave several examples of requisite post-conviction relief, such as acquittal after retrial, reversal on appeal with directions to dismiss the charges, reversal followed by a refusal to continue the prosecution, or a grant of habeas corpus relief. (*Coscia*, *supra*, 25 Cal.4th at p. 1205.)

*Schainbaum, supra*, 66 Cal.App.5th at p. 1017; *Ovando v. County of Los Angeles* (2008) 159 Cal.App.4th 42, 68–69.)

**D.     Leave to Amend**

If we conclude a demurrer was properly sustained, we review the decision to deny leave to amend under the abuse of discretion standard.  (*Smith v. County of Kern* (1993) 20 Cal.App.4th 1826, 1830.)  "Ordinarily it is an abuse of discretion to sustain a general demurrer to a complaint without leave to amend if there is a reasonable possibility the defect in the complaint can be cured by amendment."  (*Ibid*.)

Here, Zhang has failed to show any amendment could cure the defects alleged in the complaint.  We therefore conclude the trial court did not abuse its discretion in sustaining the demurrer without leave to amend.  (*Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 43–44, 53.)

## DISPOSITION

The judgment is affirmed. Respondent shall recover his costs on appeal.

MORI, J.

We concur:

COLLINS, Acting P.J.

ZUKIN, J.